Elisha W. Brown *et al.*, Appellants, *v.* William Moore, Appellee.

|   |   |
|---|---|
| 26 | 421 |
| 121 | 580 |
| 22a | 77 |
| 22a | 79 |

APPEAL FROM PUTNAM.

A party who has furnished materials, etc., cannot contract with his debtor, so as to extend his lien upon premises to the prejudice of a mortgagee. If he give time to his debtor beyond the six months, the limitation will commence running, and the lien will be lost, as between the party who furnishes the materials and others who have anterior liens.

Appellee filed his petition for a mechanics' lien against Simpson, Wild & Co. The appellants were made parties as mortgagors.

A. C. Goddin, one of the appellants, filed a demurrer to petition. Demurrer of Goddin overruled.

A decree was entered.

On motion of appellants, decree was opened, and they allowed to answer.

The petition alleges that, on the 18th day of February, 1857, and prior thereto, Simpson, Wild & Co. owned the premises and were about to erect, and did erect, a distillery and flouring mill upon them; and on that day Simpson, Wild & Co. made a written contract with petitioner, whereby petitioner was to furnish for them a steam engine and its appurtenances, and all

castings necessary for the perfect completion of the distillery and flouring mill to be erected upon said premises, provided that petitioner should furnish at his shop in Peoria, on or before June 1st, 1857, one engine of sixteen inch bore and thirty inch stroke, with iron frame; also main shaft, nine inches in diameter, with length to be hereafter determined, etc., etc., making a perfect workable engine. The petitioner also agreed to deliver at his shop, to Simpson, Wild & Co., all castings required and necessary for the perfect completion of a distillery and flouring mill, etc., etc. Simpson, Wild & Co. agreed to pay for the engine completed, $1,800, one-fourth down, one-fourth on the delivery of the same on 1st day of June next, one-fourth on the 1st day of September, and the last payment December 1st, 1857; castings and wrought iron work to be paid for on the same terms as specified for the engine.

The petitioner then alleges, that he fully performed the contract on his part, except that the articles were not furnished by the 1st day of June, and the remainder of the articles from 7th of March, 1857, to 23rd of April, 1858; that by the consent of petitioner and Simpson, Wild & Co., the time for the performance of the work mentioned was extended from time to time up to April 23rd, 1858, for the reason that defendants found it impossible, or at least very difficult to proceed with the erection of the distillery as fast as was contemplated when the contract was made; that he furnished articles and performed work under said original contract thus extended, as set out in his bill of particulars, and that the articles were of the value and were furnished at the time stated in the petition, amounting in all to $7,048.33, of which Simpson, Wild & Co. have paid $4,019.76, leaving due and unpaid, on 29th day of April, 1858, $3,020.57; and by the agreement of both parties the time of payment was so modified, on the 29th day of April, 1858, that the credit of three and six months after the delivery of the articles and the completion of the works, provided for by the contract, should be restricted and lessened, so that $1,000 should be paid in thirty days from April 29th, 1858, $1,000 in ninety days, and 1,020.57 in four months from said time, with interest thereon at ten per cent. from said date, and Simpson, Wild & Co. gave to petitioner notes in pursuance of this agreement.

Petitioner alleges that the giving of the notes was not designed as a discharge of the lien; that there was a mistake in the date of the last note, it was intended to be April 19th, 1858; that the notes have not been paid; that on the 11th day of May, 1858, said Simpson, Wild & Co. made another contract with petitioner to furnish certain other machinery for said

distillery and mill, and to do certain repairs thereon, which were to be fully completed within one year from that time, and to be paid for when delivered at what they were reasonably worth, and that under that last contract petitioner furnished the articles, amounting to $75, which were used in said distillery and mill, and the last of the articles were delivered on 22nd day of September, 1858, but Simpson, Wild & Co. have not paid the same; that Sidney Pulsefer has a mortgage on the premises for about $1,000; Brown, Goddin & Co. have a mortgage for $21,000, which has been foreclosed by Brown, Goddin & Co., and the premises sold thereon, and that Brown, Goddin & Co. have a judgment against Simpson, Wild & Co. for about $6,000, in the Circuit Court of Putnam county, which became a lien upon the premises, about half which judgment has since been paid; that Henry Reeder, and that others also had liens upon said premises. Petitioner alleges that his lien has priority over all the liens aforesaid. The time for completing the contracts aforesaid was not extended for a longer period than three years, nor the time of payment beyond the period of one year from the time stipulated for the completion thereof.

Makes appellants and divers others parties, and prays for the enforcement of his lien, and that it may have priority over all other liens.

To this petition appellants demurred. Causes of demurrer are that—

The time of payment for the work done under the contract is limited to be made December 1st, 1857, more than six months before the filing of the original petition.

Because no time is limited in said contract when the casting necessary to complete the mill, other than the articles specifically described in the contract, were to be delivered, and no time mentioned for the payment of the same. As to the residue of the petition, they deny that a contract was made between petitioner and Simpson, Wild & Co., on the 11th day of May, 1858, as is alleged in the petition; they do not know what articles were furnished by petitioner upon the mill and distillery, and leave him to prove the same as advised.

They deny that petitioner did furnish any labor or material for erecting or repairing the mill or distillery within six months before the filing of the original petition in this cause, or that any contract existed between said Moore and said Simpson, Wild & Co., by which said materials and labor were furnished, and the time of payment for any portion of the price of the same extended, so that the payment would become due within six months prior to the filing of the original petition in this cause, or subsequent to that time.

That Simpson, Wild & Co. did erect a mill and distillery upon the tract of land described in the petition, and they were completed on or before the 15th day of October, 1857, and that the petitioner did furnish certain machinery and materials therefor, but they cannot state whether the same are correctly stated in the bill, and they aver, that long after the materials and machinery had been furnished, and the price thereof had become due, to wit, on the 29th of April, 1858, it was agreed by and between the petitioner and said Simpson, Wild & Co., that the petitioner would give them further time for the payment of the balance which was then due him, and the time of payment was extended for one, three, and four months, and that Simpson, Wild & Co. should give their notes for the sum due, payable as aforesaid, which they did; that the last note was by mistake dated in 1857, instead of 1858, which was the true date; that the sum for which the notes were given was due and payable a long time before the notes were given; that the time was extended because Simpson, Wild & Co. were unable to pay the money when it became due.

That before Simpson, Wild & Co. erected said mill and distillery, they borrowed of these respondents the sum of $21,000, which was borrowed for the purpose of being used in the erection of the mill and distillery, and was so used, and for which Simpson, Wild & Co. gave to Brown, Goddin & Co., a mortgage for the sum of $21,000, upon the tract of land mentioned in the petition, which mortgage was duly recorded, Oct. 22, 1857; that on Oct. 30th, 1858, respondents recovered a judgment against said Simpson, Wild & Co., for $5,522.69, besides costs, which is unpaid and unreversed, and is a lien upon the premises described in the petition, which lien is not affected by the lien claimed by petitioner, because more than six months had expired after the materials were furnished by petitioner, and after the payment for the same became due, before the filing of the petition in this cause, and for the same reason, the lien of their mortgage is not affected by the lien claimed by petitioner; that the mortgage has been acknowledged and recorded, and the lien was perfect before petitioner made his contract with Simpson, Wild & Co.; that the whole value of the premises was much less than the amount named in the mortgage; that the mortgage has been foreclosed and the premises sold to satisfy the same, on the 3rd day of November, 1859, for the sum of $9,900; the balance of the mortgage is unpaid. This answer was sworn to.

The demurrer was overruled.

There was a trial in March, when the jury found for plaintiff $3,892.59, and that the lien of petitioner had precedence and

priority as against the lien of Brown, Goddin & Co., and all other liens. The defendants moved for a new trial, which motion was overruled. Defendants moved in arrest of judgment; motion overruled, and appeal prayed and allowed.

A decree was entered, making the petitioner's claim, to the amount of $3,892.59, a lien upon the premises described in the petition, to have precedence and priority of lien over all of the judgments, mortgages, or other liens of defendants, and that the premises be sold at auction.

The following errors were assigned:

The court erred in overruling the demurrer to plaintiff's amended petition.

The court erred in rendering the decree aforesaid in manner and form aforesaid.

B. C. Cook, for Appellants.

N. H. Purple, for Appellee.

Caton, C. J. By the terms of the contract under which this work was executed, the last payment was to be made on the first day of December, 1857. By the same contract, the work was to have been completed on the first day of June, 1857, but the engine was not completed till the 22nd June, 1857, and the last of the castings and iron work were not delivered till the 23rd of April, 1858. At this time at least, if not on the first of December, 1857, the statute of limitations of six months, within which the bill had to be filed to enforce the lien as against these appellants, began to run. Six days after this, on the 29th day of April, 1858, another bargain was made between the complainant and Simpson, Wild & Co. for an extension of the time of payment for one, three and four months from that day, so that the last payment was thus extended from the first of December, 1857, to the 29th day of August, 1858. On the 12th of November, 1858, this petition was filed, and the question is, was it filed in time to save the lien under the statute? In any possible aspect the limitation had commenced running when this agreement was made to extend the time of payment, at least six days before the work was all done, and the material all furnished, and the money all due; and as the statute declared, if the petition to enforce the lien was not filed within six months, at least, from that time, the lien was gone as to these appellants, who were mortgagees. Now could Simpson, Wild & Co., as to whom there was no limitation, make a contract with Moore, and without the consent of the mortgagees, to extend the time of payment, and thereby extend the statute of limitation from the first

28

of June, 1858, to the 29th of February, 1859 ?   That the rights of incumbrancers secured to them by a positive statute, could be thus trifled with, without their knowledge and consent, cannot be for a moment admitted.   Even if this could have been done before the last payment became due, and consequently before the statute commenced running, which is by no means conceded, there is another well settled rule of law which would prevent it after that event.   When a statute of limitation once commences to run, no subsequent event can arrest it—certainly none, unless it be the act or consent of the party whose rights are to be affected by it.   As between themselves, the parties to the contract could modify it as they pleased, but not in such way as to affect the rights of others.   Other parties had a right to take security on this land with reference to this lien, and the time when it would expire, and these could not be cut out by any agreement between other parties, which should have the effect to extend the time when the lien should expire.

The petition was filed too late as to these appellants, and as to them it should have been dismissed.

The decree is reversed.                    *Decree reversed.*