[S. F. No. 1045.   Department One.—June 24,. 1899.]

WILLIAM KNOWLES. Respondent, v. E. J. BALDWIN, Appellant.

MECHANICS' LIENS—DEFERRED PAYMENT TO CONTRACTOR — PROVISO AGAINST LIENS—FILING OF CONTRACTOR'S LIEN.—A provision in a building contract which is framed in compliance with section 1184 of the Code of Civil Procedure, that the last payment of twenty-five per cent of the contract price should become due thirty-five days after the completion and acceptance of the building, "provided said building and premises were free and clear from all liens and incumbrances arising from or created or placed thereon by said contractor," does not preclude the filing of a lien by the contractor before the expiration of the thirty-five days, under section 1187 of that Code.

ID.—GIVING OF CREDIT—EFFECT UPON LIEN.—The giving of credit for a longer period does not affect the time within which the notice of lien must be filed; but under section 1190 of the Code of Civil Procedure, if credit is given by the terms of the contract, suit may be brought upon the lien within ninety days after the expiration of the credit.

ID.—GENERAL DEMURRER——RIGHT TO RELIEF.—Where the complaint for the foreclosure of the lien of the contractor was demurred to generally, the demurrer should be overruled if the complaint entitles the plaintiff to any relief.

ID.—ALLOWANCE OF INTEREST.—The contractor, in an action to enforce his lien, is entitled to interest on the respective payments to be made under the contract, from the dates when they became due; and a decree directing interest only as of the date of the commencement of the trial is to the prejudice of the plaintiff, and not of the defendant.

ID.—DATE OF TRIAL—FINDINGS OF FACT—RECORD UPON APPEAL— MINUTE ORDERS—JUDGMENT ROLL.—The recital as to the date of the commencement of the trial in the findings of fact must prevail as against entries of minute orders appearing in the transcript under the certificate of the clerk, which are not part of the judgment roll, and which cannot be considered as part of the record upon appeal from the judgment or noticed for the purpose of contradicting the findings of fact.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

Henry I. Kowalsky, and George Hayford, for Appellant.

William H. Jordan, for Respondent.

COOPER, C.—Action to recover for balance due on contract for repairs, labor, et cetera, and to have the same declared a lien on premises described in complaint. Judgment for plaintiff. Defendant appeals from the judgment on the judgment-roll alone. The principal point on which defendant relies is the order of the court below overruling defendant's demurrer to the complaint. The complaint was in two counts, and alleged in substance: That on the twenty-fifth day of August, 1896, the plaintiff entered into a written contract with defendant by the terms of which plaintiff was to make certain improvements and changes in the building known as the Baldwin Hotel, situate in the city and county of San Francisco, upon the premises described in the complaint, for the sum of three thousand dollars, to be paid as follows: Seven hundred and fifty dollars when the basement should be ready for plastering, seven hundred and fifty dollars when the plastering should be completed, seven hundred and fifty dollars when all should be completed and accepted, and the final payment, "seven hundred and fifty dollars, thirty-five days after completion and date of acceptance, provided said building and premises were free and clear from any and all liens and incumbrances arising from or created or placed thereon by the said contractor or any person claiming to have furnished him labor or materials for the erection and completion of said work." That the work was fully completed, according to the contract, on December 8, 1896, and that fifteen hundred dollars had been paid, and no more. That on the fourth day of January, 1897, plaintiff duly filed his notice of lien with the county recorder, which notice stated the statutory requirements. That the premises described in the complaint were necessary for the convenient use and occupation of the building thereon. The second count alleged that the plaintiff did certain extra work at the request of defendant of the reasonable value of two hundred and seventy-five dollars, no part of which had been paid, and contained like allegations as to description, filing of lien, et cetera. The complaint and each count thereof was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action.

The defendant contends that the complaint does not state facts sufficient for the reason that the contract upon which the lien is sought to be foreclosed provides that no lien shall be filed for thirty-five days after the completion of the contract. Such construction is sought to be placed upon the clause quoted from the complaint. The complaint was filed February 12, 1897, and there is no question but that the full amount of the contract price, according to the complaint, was overdue at the time of the commencement of the action. The only question is as to the last seven hundred and fifty dollars which was to become due thirty-five days after the completion and date of acceptance of the contract, "provided said building and premises were free and clear from any and all liens and encumbrances arising from or created or placed thereon by said contractor." It is claimed that the clause last quoted is equivalent to an express agreement that no lien shall be filed by the contractor till after the expiration of the thirty-five days. We do not think so. The code (Code Civ. Proc., sec. 1184), provides that by the terms of the contract at least twenty-five per cent of the contract price shall be made payable at least thirty-five days after the final completion of the contract. In this case there is no question but that the contract complied with the said section. Section 1187 provides that the contractor, at any time after the completion of his contract and until the expiration of sixty days, may file his notice of lien. Reading the two sections together, it is plain that by the terms of the contract at least twenty-five per cent of the contract price must not become due until thirty-five days after its completion, and that at any time after the completion and before the expiration of the sixty days the notice of lien may be filed. In fact, the giving of credit for a longer period would not affect the time within which the notice of lien must be filed. This is shown by section 1190, which provides that suit must be brought to enforce a lien within ninety days after filing the lien, unless by the terms of the contract credit was given, and in such case within ninety days after the expiration of the credit.

Moreover, the demurrer was general, and in such case it should be overruled if the complaint entitles the plaintiff to any relief. (*Fleming v. Albeck*, 67 Cal. 227.)

The defendant's argument as to the demurrer in this case does not apply to any portion of the complaint except the last payment of seven hundred and fifty dollars in the first count. If we should hold that a special demurrer would lie to that portion of the first count which set up the time when the last seven hundred and fifty dollar payment would be due, we would still have a good complaint as to the third payment of seven hundred and fifty dollars, and as to the two hundred and seventy-five dollars for extras. It is claimed that the judgment directed interest from March 23d instead of April 30th, the date of filing the findings. The plaintiff was entitled to interest at the legal rate upon the respective payments from the dates they become due. The findings directed interest from February 12, 1897, which was less than the interest to which plaintiff was entitled. The decree which was entered directed interest from March 23, 1897, which was less than directed by the findings. The findings and decree recite that the action came on for trial March 23, 1897, and we must presume they speak the truth. We cannot notice the entries in the transcript purporting to be minute orders. They are inserted after the certificate of the clerk to the judgment-roll and are not certified as being a part of it, and if so certified they would not be a part of it. (Code Civ. Proc., sec. 670.)

It appears to us that this appeal is entirely devoid of merit, and we advise that the judgment be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Garoutte, J., Van Dyke, J., Harrison, J.