[Civ. No. 126.  Second Appellate District.—February 23, 1906.]

HUGHES BROTHERS et al., Plaintiffs-Respondents, E.
K. WOOD LUMBER COMPANY, Plaintiff and Cross-
Complainant, Appellant, v. G. W. HOOVER et al., De-
fendants-Respondents.

MECHANICS' LIENS—CONSOLIDATED ACTIONS—CROSS-COMPLAINT—PE-
RIOD OF CREDIT—STIPULATED DEFENSES.—In a consolidated action to
foreclose mechanics' liens, which included a last action by appellant
and also a prior action by other plaintiffs, in which appellant filed
a cross-complaint to enforce his lien within ninety days after the
expiration of a credit given on his claim, such cross-complaint must
be deemed the commencement of an action by him, within the period
of limitation provided in section 1190 of the Code of Civil Pro-
cedure; and where defenses thereto were stipulated, notwithstand-
ing it had once been stricken out and restored by consent, and no
objection was made thereto upon the trial of the consolidated action,
and judgment was rendered for appellant against the contractor, it
must be deemed upon appeal that the cross-complaint, and all de-
fenses thereto were before the court for its adjudication.

ID.—COMPLETION OF WORK BY OWNER—DEFAULT OF CONTRACTOR—TIME
OF COMPLETION.—Where the contract provided that upon the default
of the contractor the owner might terminate the employment by no-
tice and complete the work, which was done, the credit given by
the contractor to appellant for thirty-five days after the completion
of the work cannot be construed as expiring within thirty-five days
after the default of the contractor, there being no actual abandon-
ment of the work within the statute, and the credit extends to
thirty-five days after the completion of the work by the owner.

ID.—DISTINCT RIGHTS OF OWNER—STATUTE—CONTRACT.—Where there
has been an actual abandonment of the work by the contractor for
the period of thirty days, the rights of the owner to complete the
work after the thirty days' suspension is given by the statute; but
when the right of completion is given by the terms of the contract
under a notice provided for therein, the completion of the work by
the owner after said notice must be deemed a completion of the
work under the contract.

ID.—CONSTITUTIONAL LAW—CESSATION OF LIEN—EFFECT OF CODE—
LIMITATION OF ACTIONS.—The liens of mechanics and material-
men protected by section 15 of article 20, of the constitution can-
not be declared by the legislature to cease to exist; and the provi-
sion in section 1190 of the Code of Civil Procedure to that effect

must be disregarded. It can only be construed legitimately as a statute of limitation of actions upon properly filed claims of lien, as an entirety, and not upon items included in said claims.

ID.—INSTALLMENTS DUE CONTRACTOR NOT BARRED AS AGAINST LIEN CLAIMANTS—PERIOD OF CREDIT.—Installments due the contractor cannot be deemed barred as against lienholders, under section 1190 of the Code of Civil Procedure; and where the cause of action upon the entire claim of the lien claimant did not accrue until the expiration of the credit given to him by the contractor, the ninety days' limitation of his action under that section did not begin to run until the expiration of such credit.

ID.—NOTICE TO OWNER—EXTENT OF RIGHTS OF LIEN CLAIMANT.—A lien claimant who has given the owner notice to withhold money due from the contractor is not entitled to a personal judgment against the owner, who has completed the work under the terms of the contract, where the money due the contractor in his hands does *not exceed the amount due the lienholders,* but his rights as a lienholder in such case are limited to his *pro rata* share of the funds of the contractor in the hands of the owner applicable to such payment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Flint & Barker, and Barker & Bowen, for Appellant.

Hunsaker & Britt, Borden & Carhart, Haas & Garrett, Charles L. Batcheller, J. W. McKinley, Walter Bordwell, George M. Holton, W. D. McConnell, and Walter L. Krug, for Respondents.

GRAY, P. J.—Appeal by the E. K. Wood Lumber Company from a judgment and an order denying a new trial in an action to foreclose a mechanic's lien.

It appears from the record that the contract between the owner and contractor was valid; that one of its provisions gave to the owner the right, should the contractor neglect to supply a sufficient number of skilled workmen, or materials of the proper quality, or to prosecute the work with promptness and diligence, after three days' notice, to terminate the employment and complete the work; that the contractor

making default, the owner gave the notice, and three days after its service took possession of the building and completed the same; that deducting from the contract price the sum necessarily expended in the completion, and a certain payment made by stipulation, there remained in the owner's hands on February 1, 1903, the date of completion, $5,953.86. That all of the claims of lien in controversy were filed in time, and actions, either original or by way of cross-complaint to other actions, were commenced within ninety days of the filing thereof, except the claim of appellant, which was commenced ninety-two days after its filing. Appellant's claim of lien, however, which is stipulated to be true in every respect, disclosed that the materials furnished by appellant were payable in installments during the progress of the work, the last payment to be made within or before thirty-five days from the completion of the building. In one of the original actions brought to foreclose the liens, being case No. 41,412, appellant was not named as a party defendant, but in said action one E. K. Wood, John Doe, and others were named. Appellant answered, alleging that E. K. Wood had no interest in the controversy, but that it had, and set up in proper way its claim of lien. This pleading, denominated a cross-complaint, was served upon plaintiff, service acknowledged, and plaintiff entered an appearance thereto; the same was filed in the action, and subsequently all parties stipulated that they should be deemed as having answered thereto. Subsequently, appellant filed an original action, setting up that it had served the statutory notice upon the owner to withhold money under the contract, and upon this it claimed the right to a personal judgment against the owner and contractor. This case, and all of the other cases involving the question of the rights of the various parties to the unpaid balance on the contract, were consolidated and heard together. Upon the hearing the court found that appellant had never commenced any action upon its claim of lien, and apportioned all of the unpaid balance in the hands of the owner among the lien claimants other than appellant; but rendered a personal judgment in favor of appellant against the contractor.

This appeal presents two primary and controlling questions: 1. Was an action commenced by appellant upon its claim of lien when it filed the cross-complaint? 2. Was the same filed in time to avoid the force of the limitation provided in section

1190 of the Code of Civil Procedure? The trial court, apparently with the acquiescence of all parties, proceeded upon the theory that all parties plaintiff and defendant in an action of this character who are served with process and appear thereto and answer are actors; and this seems to find support in *Grant* v. *Murphy*, 116 Cal. 431, [58 Am. St. Rep. 188, 48 Pac. 481], wherein it assigned the reasons why in proceedings in partition all parties thereto are actors, such reasons therein applying with equal force to a case of the character under consideration. It is apparent in this case, from the fact that the contract was a valid one and that a fixed balance unexpended of the contract price was the fund from which alone the parties were entitled to base their claims, that all lienholders were entitled to share therein. The cross-complaint of E. K. Wood Lumber Company, appellant herein, was filed, and all parties stipulated, in effect, that its allegations should be deemed to be denied by each of the several parties. To be sure, the cross-complaint was once stricken out by the court on motion, but it was afterward restored by consent, and was left in the case as if no motion to strike out had ever been made. It was also stipulated that the defense that the ninety-day period for bringing action to foreclose the lien should be deemed to be pleaded to the said cross-complaint. It seems clear from the record, therefore, that no question was made in the court below about appellant's lien not being properly before the court; but on the contrary, by express stipulations, issues were made up fully involving that lien and every defense that could be urged thereto. The trial court was thus, by the consent of all parties, given jurisdiction of the subject matter of all those issues and of the person of all the parties interested therein. It is too late to urge here for the first time that the appellant and its rights had no place in the trial court. No objection to that effect having been made, or, rather, the objection which was made having been withdrawn and no similar objection thereafter made in the court below, no such objection will be heard here. From these facts we say we must assume for the purposes of this appeal, that an action was commenced upon appellant's claim of lien when it filed its cross-complaint, and that thereafter the said cross-complainant and its rights of lien and the defenses thereto were properly treated as before the trial court for its adjudication.

We are also of opinion that the cross-complaint was filed in time. It appears from such cross-complaint that credit was extended and the filing thereof was within ninety days after the expiration of such credit. The proposition that this credit should be construed as expiring thirty-five days after abandonment of work by the contractor cannot be maintained; for it affirmatively appears that there was no actual abandonment of work in the sense contemplated by the statute, wherein abandonment is held to be the equivalent of completion. In cases of actual abandonment the right of the owner to complete, after awaiting the thirty-day suspension, is derived from the statute. In this case the right of completion was given by the contract itself, and no cessation of labor for any number of days was a condition precedent to the owner's right of completion. Whatever, therefore, the owner did in the way of completing the building was as much performance under the contract as were similar acts performed by the contractor, and the completion, therefore, by the owner was a completion under the contract. Section 1190 of the Code of Civil Procedure provides: "No lien provided for in this chapter binds any building, mining claim, improvement, or structure, for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given, then ninety days after the expiration of such credit; but no lien continues in force for a longer time than two years from the time the work is completed, by any agreement to give credit."

There is nothing in this section indicating that the credit therein mentioned refers to liens based upon direct contract with the owner. Its language makes it applicable to all liens, and were section 1201 of the Code of Civil Procedure construed as invalidating the terms of credit between owner and original contractor when the same affected or impaired other liens, still section 1190 would apply to liens other than those inhibited by section 1201. Nor are we of opinion that the installments maturing during the progress of the work were barred by the provisions of section 1190. In this state the lien of materialmen is a right given by the constitution, the legislative functions being to provide a system through which such right might be executed and carried into effect; and the language in section 1190, which declares that the lien ceases to

exist, may be ignored, as the same exceeds legislative power.
Giving to section 1190 the only force which it can possibly
have is to interpret it as a statute of limitation which provides
the time within which an action may be brought for the
enforcement of a right.    This constitutional right of lien be-
comes perfected and enforceable only when a written claim of
lien containing certain facts properly verified is filed.    It is
this written, filed instrument, then, which forms the basis of
the action, and it is an action upon this instrument which
must be commenced within ninety days.    There is no intima-
tion in the section that any items specified in such instrument
shall be barred, or when the action is properly commenced,
that any part of the claim of lien shall be affected unless the
whole thereof is affected in like manner.    A different con-
struction has been placed upon a similar section by the
supreme court of Oregon in *Capital Lumbering Co.* v. *Ryan
et al.,* 34 Or. 73, [54 Pac. 1093].    It must be borne in mind
however, that the constitution of Oregon confers no right of
lien, and that such right is a statutory privilege.    (*Brown* v.
*Harper,* 4 Or. 89.)    This being true, it was entirely competent
for the legislature to provide that a lien which exists by virtue
of the furnishing of materials, and which attaches as to each
item when so furnished, should cease at any time.    But a
different rule should apply in this state under our constitution,
where the legislature may not extinguish a lien at the expira-
tion of the credit, or at any time, but may only legislate with
reference to the remedy.    The legislature, then, not having
attempted to enact a statute of limitations for recovery on
account of items entering into the claim of lien, but only as to
the right of action upon the lien itself, a cause of action upon
the entire claim of lien did not accrue until the expiration of
the credit, from which time the ninety days began to run.

The contention of appellant that it was entitled to a per-
sonal judgment against the owner growing out of the notice
to withhold money, is not tenable.    The equitable garnishment
which is said to be occasioned by such notice, attaches only to
such sum as might be payable to the contractor after the
extinguishment of the liens, for until such liens are extin-
guished no sum is payable from the owner to the contractor.
It appears from the record that the claims of lien exceeded
the amount of money in the hands of the owner; hence, there

was nothing upon which the garnishment could operate. We are of opinion, therefore, that the court erred in its judgment and decree, by which it awarded to the lien claimants other than appellant the whole of the fund unexpended, and that, from the stipulations in the record, the appellant is shown to have been entitled to its proportion of such fund.

The judgment and order of the court are therefore reversed, with instructions to the court below that the judgment be modified and corrected in this, that the fund in the owner's hands, found to be the correct and total amount applicable to liens, be divided pro rata among the said lien claimants who are entitled to enforce liens against said property, according to the amounts due them, respectively, and in like proportion including appellant's claim of lien so stipulated to be correct.

Allen, J., and Smith, J., concurred.