## D. W. STANDROD & CO. v. UTAH IMPLEMENT-VEHICLE CO.

(Circuit Court of Appeals, Ninth Circuit.   May 24, 1915.)

### No. 2437.

1. APPEAL AND ERROR ⊂⇒162—RIGHT OF REVIEW—WAIVER.

A defendant in a foreclosure suit, which was trustee for a number of lien creditors, by accepting payment for one from the proceeds of the sale under the decree, did not waive the right to appeal therefrom on behalf of the others.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 179, 981, 982, 984-990; Dec. Dig. ⊂⇒162.]

2. MECHANICS' LIENS ⊂⇒260—SUIT TO ENFORCE—SPECIAL LIMITATION—INCUMBRANCERS NOT MADE PARTIES.

Under the Mechanic's Lien Law of Idaho (Rev. Codes, § 5118), which requires suit for enforcement to be brought within six months after filing of the lien claim, the lien is void as to all subsequent incumbrancers who are not made parties to a suit to foreclose within the six months.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 456, 458-468; Dec. Dig. ⊂⇒260.]

3. BANKRUPTCY ⊂⇒283—SUIT TO SET ASIDE PREFERENTIAL MORTGAGE—SETTLEMENT—RIGHTS OF LIENHOLDERS.

Denial of a petition by lienholders on property of a bankrupt, who had not filed claims as creditors, to set aside a settlement made by the trustee of a suit to have a mortgage on the same property declared void as a preference, held within the discretion of the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 429; Dec. Dig. ⊂⇒283.]

Appeal from the District Court of the United States for the Eastern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by the Utah Implement-Vehicle Company against N. C. Mickelson, D. W. Standrod & Co., a corporation, as trustee for the Idaho Lumber Company, and the George A. Lowe Company and others. Decree for complainant, and defendant trustee appeals. Affirmed.

N. C. Mickelson, the owner of certain real estate in the district of Idaho, during the summer of 1910 caused a building to be erected thereon. Thereafter, on February 7th, March 7th, March 10th, March 11th, and May 1st, all in 1911, five mechanic's liens were filed for work done and material furnished in the construction of the building. Within six months from the date of the filing of the respective liens, the lien claimants brought suits to foreclose their respective liens. Prior to the filing of the liens, and on January 2, 1911, Mickelson and his wife executed to E. E. Rodgers and F. C. Rodgers a mortgage on said property to secure the sum of $3,000. Early in April, 1911, Mickelson was adjudged a bankrupt. On January 11, 1912, a suit was commenced to foreclose the Rodgers mortgage. Thereafter all the suits were consolidated, and on November 25, 1912, a final decree was entered, wherein it was ordered that the property be sold. A sale was had pursuant to the decree, and the property was sold to D. W. Standrod & Co., a corporation, as trustee for the mortgagees and for the lien claimants, for the sum of $6,728.41. Mickelson was indebted to the appellee herein, the Utah Implement-Vehicle Company, a corporation of the state of Utah, in the sum of $12,575.75 on notes and open account. To secure such prior indebtedness, he executed to the appellee on February 6, 1911, a note for said amount and a mortgage on the real estate involved herein, which mortgage was, on Feb-

ruary 21, 1911, duly recorded. Although the mortgage was recorded prior to the commencement of the foreclosure of the mechanics' liens and the foreclosure of the Rodgers mortgage, the appellee was not made a party defendant in any of those suits. On May 29, 1913, the appellee commenced the present suit in the court below for the foreclosure of its mortgage, alleging that its lien on the property was second only to that of the Rodgers mortgage, and that the lien of the lien claimants was extinguished as to the appellee's mortgage by reason of the fact that no proceeding was brought by the lien claimants against the appellee within the six months limited by the statute of Idaho. The trustee, Standrod & Co., in its answer to the bill, denied the validity of the appellee's mortgage on the ground that the same was taken for a prior indebtedness, and that Mickelson, at the time of the execution of said mortgage, was insolvent, as the appellee well knew, and that the mortgage was given by the bankrupt and was received by the appellee for the purpose and with the intention of securing a preference on its part over the creditors of said Mickelson. It was the decree of the court below that the mechanic's liens were extinguished as to the appellee, but that there was due on the Rodgers mortgage $4,616.58, which sum was ordered to be first paid out of the proceeds of the property which the court directed to be sold. On the sale the appellee bought in the property for $8,000, and paid Standrod & Co., the trustee for E. E. and F. C. Rodgers, the sum of $4,616.58.

William A. Lee, of Blackfoot, Idaho, for appellant.

Clency St. Clair and Charles C. St. Clair, both of Idaho Falls, Idaho, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] A motion is made to dismiss the appeal on the ground that the appellant, Standrod & Co., waived its right of appeal by accepting and retaining $4,616.58, a portion of the proceeds of the sale, and upon the ground that, while a severance was granted by the lower court, the severance was not permissible, and that no citation on appeal was issued to Bowman, the trustee in bankruptcy of the estate of Mickelson.

We find no merit in the motion. The right of Standrod & Co., as trustee, to appeal on behalf of the lien claimants, is not affected by its having accepted the sum found due on the Rodgers mortgage. The beneficiaries of the trust as to that mortgage were fully satisfied by the decree, and had no interest in appealing. It was proper, therefore, for the trustee, as it did, to take the appeal in his capacity as trustee of the mechanic's lien claimants. Their right to an appeal was unquestionable, and they were not in privity with the beneficiaries of the Rodgers mortgage. Bowman, the trustee in bankruptcy, had been notified in writing to joint in the appeal, and he refused to do so. Upon a petition for an order allowing the appeal, that fact was set forth, and thereupon the court properly ordered a severance as to the parties who refused to join in the appeal. The motion to dismiss is denied.

[2] It is contended that the court below erred in holding that, under the law of Idaho, a mechanic's lien is void as against all subsequent incumbrancers who were not made parties to an action to foreclose the lien within six months from the date of the filing thereof. The question so presented is one upon which the authorities are about evenly divided. In the case of Continental & Commercial Trust & Savings Bank v. Pacific Coast Pipe Co., 222 Fed. 781, —— C. C. A. ——, recent-

ly decided by this court, the same question was presented, and we upheld the construction given to the Idaho statute by the court below. Upon a reconsideration of the question, we are not convinced that that construction is erroneous, notwithstanding that, in the present case, it results in harshness and injustice to the lien claimants.

[3] It is further contended that the court below erred in denying the appellant, Standrod & Co., trustee, the relief prayed for in its supplemental petition. In that petition it was alleged that on August 26, 1911, Bowman, the trustee in bankruptcy, commenced a suit against the appellee herein to set aside and vacate its mortgage, and in his complaint alleged that the mortgage was voidable for the reason that it was given solely to secure a previous existing indebtedness of the bankrupt to the mortgagee within four months of the time when the petition in bankruptcy was filed, and was given with the intention of enabling the mortgagee to obtain a greater percentage of its debt than any other of the creditors of the same class, and with the intention on the part of the parties thereto to effect a preference in the appellee over other creditors of the bankrupt of the same class; and that thereafter, about April, 1913, an agreement was made between the parties to that suit whereby Bowman was to be paid $800 by the appellee in consideration that he would dismiss the same; that that agreement was wrongful and operated to the prejudice of the rights of Standrod & Co., and was a fraud upon it; and that the trustee should be required to proceed to judgment upon the issues presented in said suit. The prayer of the petition was that the agreement between the trustee in bankruptcy and the appellee be set aside and vacated, and that the court direct the trustee in bankruptcy to prosecute said action to final judgment, or, in case of his failure so to do, that the petitioner be permitted to do so, and that, pending the termination of those issues, proceedings to foreclose the appellee's mortgage be stayed and held in abeyance. To that petition the trustee in bankruptcy answered, denying that the settlement of the suit between him and the appellee was in prejudice of the rights of Standrod & Co., and alleging that the value of the property involved was fully absorbed by the claims represented by Standrod & Co. as trustee in the first foreclosure suits, and that the trustee could not, even if he deemed it advisable, redeem from those liens, and that it was to the best interest of the estate in bankruptcy to settle the suit as the trustee in bankruptcy agreed to do upon the payment to him of the sum of $800 by the appellee. He further alleged that, after having taken the deposition of the bankrupt concerning the alleged preference, he was in doubt as to his possible success in maintaining the suit, and that he was also influenced to make the agreement to dismiss the suit by the fact that the contest over the real property involved only the priority of lien claims to the same, and that the claims of the lien claimants had not been presented against the estate in bankruptcy.

If, at the time when Standrod & Co. made their application to the court below to direct the trustee to proceed with the suit to set aside the alleged preference, the lien claimants represented by Standrod & Co. had, as unsecured creditors, presented their claims against the estate, and had offered to hold the trustee harmless against a judgment

for costs, a very different question would here be presented on the appeal. But, as the facts and the situation are set forth in the supplemental pleadings, we find no ground for holding that the judge of the court below abused the discretion which is vested in him when he denied Standrod & Co.'s application.

The decree is affirmed, without prejudice to the right of Standrod & Co., or the lien claimants represented by it, to proceed against the estate in bankruptcy.