(March 3, 1925.)

BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant, v. W. L. WEAVER and CHLOE WEAVER, His Wife; NORTH SIDE CANAL CO., LTD., a Corporation; E. B. HUGHES; BLISS STATE BANK, a Corporation; and E. RALPH EVANS, Respondents.

[234 Pac. 150.]

MECHANIC'S LIEN—FORECLOSURE—GIVING OF CREDIT—EXTENSION OF TIME.

1. The time within which an action to enforce a lien can be commenced, under C. S., sec. 7349, cannot be extended, as against

another encumbrancer, by an agreement between the lienor and the owner to extend the time for the commencement of such action.

2. An agreement to extend the time for the foreclosure of a mechanic's lien, under C. S., sec. 7349, is not the giving of a credit within the meaning of this statute.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to foreclose mortgage; cross-complaints to foreclose mechanics' liens. From judgment decreeing first lien to cross-complainant Hughes, plaintiff appeals. *Reversed and remanded* with instructions.

Bissell & Bird, for Appellant.

Where action to foreclose a mechanic's lien is not commenced within six months of the date of filing such claim of lien, and no credit has been given within the meaning of sec. 7349, C. S., the lien is lost and is as ineffective as if it had never been created. (C. S., sec. 7349; *Western Loan & Bldg. Co. v. Gem State Lumber Co.,* 32 Ida. 497, 185 Pac. 554; *Peterson v. Dillon,* 27 Wash. 78, 67 Pac. 397.)

Once the statute of limitations begins to run it is not suspended by any subsequent disability. (17 R. C. L. 826; *Harvey v. Tobey,* 15 Pick. (Mass.) 99, 25 Am. Dec. 430.)

The time within which an action to enforce a lien must be commenced cannot be extended, as against another encumbrancer by an agreement between the lienor and the owner to extend the time of payment. (18 R. C. L. 982; *Brown v. Moore,* 26 Ill. 421, 79 Am. Dec. 383.)

A mechanic's lien does not continue unless proceedings are commenced in a proper court against the person, or persons, against whose interest the lien is asserted, within the time limited by the statute. (*Western Loan & Bldg. Co. v. Gem State Lumber Co., supra; Brown v. Moore, supra.*)

Sutphen & Sutphen and James & Ryan, for Respondent.

The word "credit" as used in C. S., sec. 7349, should be construed as the ordinary reading public would read and understand it. (C. S., sec. 9455; *Howard v. Grimes Pass.*

*P. M. Co.,* 21 Ida. 12, Ann. Cas. 1913C, 284, 120 Pac. 170.)

The words "to give credit" as ordinarily used mean to trust or repose confidence in the ability of a would-be debtor to make payment at some future time either specified or indefinite. (Century Dictionary & Ency.; 15 C. J. 1348.)

The limitation of six months for commencement of actions to foreclose mechanics' liens as provided in C. S., sec. 7349, does not begin to run until the expiration of the term of credit, and where credit is given it tolls the running of limitations, which will not begin to run against the lien until the maturity of the term of credit. (*Sleeper v. Elliott,* 36 N. D. 280, 162 N. W. 305; *Hughes Brothers v. Hoover,* 3 Cal. App. 145, 84 Pac. 681.)

The lien statutes are remedial in character and should be liberally construed in the interest of the laborer. (C. S., sec. 9444; *Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132; *Phillips v. Salmon River Min. Co.,* 9 Ida. 149, 72 Pac. 886.)

WILLIAM A. LEE, C. J.—Appellant, Boise Payette Lumber Company, furnished lumber and other building material for the construction of a dwelling-house being erected by W. L. Weaver and wife near Bliss. E. B. Hughes furnished the plumbing and heating supplies and performed certain labor in the construction of the building. E. Ralph Evans was the architect and builder. Upon the completion of the building the owners owed appellant $3,071.05 on account of material it furnished, Hughes a balance of $411.88 for the material and labor he furnished, and E. Ralph Evans $894.22 as architect and builder. Hughes and Evans filed claims for liens for the respective amounts due them, appellant having taken a note secured by a mortgage upon the premises for its indebtedness.

Appellant foreclosed its mortgage and made Hughes and Evans, lien claimants, parties defendant, and they filed answers and cross-complaints upon their respective liens. Upon the issues thus joined the court made and entered findings of fact and conclusions, and from such findings and conclusions decreed Hughes a first lien for the amount of his claim,

Evans a second lien for his claim, and appellant a third lien for its mortgage indebtedness, and to each of said claimants interest, costs and attorney's fees.

The only parties to this appeal are appellant lumber company and respondent Hughes. The appeal is predicated upon the alleged error of the court in holding that the lien claim of respondent Hughes is superior to the right of appellant under its mortgage.

Respondent completed his contract and ceased work upon this dwelling on August 19, 1920. Some time thereafter Weaver told respondent that he was not able to pay the balance due him but that he would have the money inside of six months, and that it would take that long to straighten up his accounts, to which Hughes replied that he would have to file a lien to protect his claim, and Weaver advised him to file a lien, which respondent did file, under the provisions of C. S., sec. 7346, and the same was duly recorded November 13, 1920, within ninety days after respondent ceased to work upon the dwelling.

April 8, 1921, Weaver and respondent entered into an agreement wherein it was stipulated that respondent should have until November 13, 1921, in which to commence a foreclosure of his lien against these premises.

Respondent Hughes contends, and the lower court found, that respondent gave credit for payment of the amount of respondent's claim of lien, and that at the time of filing his cross-complaint the period of six months had not elapsed since the expiration of the credit so given.

Under C. S., sec. 7349, a mechanic's lien does not continue unless proceedings are commenced in a proper court against the person, or persons, against whose interest the lien is asserted, within the time limited by the statute. (*Western L. & B. Co. v. Gem State Lum. Co.*, 32 Ida. 497, 185 Pac. 554; *Continental & Commercial Trust & Savings Bank v. Pacific Coast Pipe Co.*, 222 Fed. 781, 138 C. C. A. 329; *D. W. Standrod & Co. v. Utah Implement Vehicle Co.*, 223 Fed. 517, 139 C. C. A. 65.) The statute provides that:

"No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien; or if a credit be given, then six months after the expiration of such credit . . . . "

Respondent Hughes not having filed his cross-complaint to foreclose his lien claim in the mortgage foreclosure brought by appellant for more than six months after the lien had been filed, presents the question for determination as to whether the same was commenced within the time prescribed by this statute. That is, the lien was filed November 13, 1920, and the cross-complaint to foreclose the same on October 27th thereafter.

On April 8, 1921, respondent Hughes and Weaver, the owner, agreed in writing that the time for foreclosure of this lien might be extended to November 13, 1921, and this stipulation was filed for record. The six months' period had not expired. Respondent contends that an agreement extending the time to foreclose the lien is the giving of credit within the meaning of this statute, and therefore the limitation for the foreclosure of the lien was accordingly extended. This is not the meaning of the term "or if credit be given" as used in this statute. (*Hughes Bros. v. Hoover*, 3 Cal. App. 145, 84 Pac. 681; *Knowles v. Baldwin*, 125 Cal. 224, 57 Pac. 988.)

A mechanic's lien is created by operation of law upon the doing or failing to do certain things by the respective parties to the transaction. It was the intent of the mechanic's lien law to grant an absolute lien upon the property to persons who perform labor or furnish material to be used in building or improving such structure; and every contractor, subcontractor, architect, builder or other person having charge of such building or of its alteration or repair shall be held to be the agent of the owner for the purposes of this lien law. (*McGill v. McAdoo*, 35 Ida. 283, 206 Pac. 1057; *Hill v. Twin Falls etc. Water Co.*, 22 Ida. 274, 125 Pac. 204.) The purpose of the statute is to compensate anyone who performs

labor upon or furnishes material to be used in the construction, alteration or repair of a building or structure. (*Chamberlain v. City of Lewiston*, 23 Ida. 154, 129 Pac. 1069.)

The lien of respondent arises by reason of the Weavers employing or permitting respondent to furnish this material and labor in the construction of the building, and it remains bound under such lien until the time for enforcing the same, under the terms of the statute, has expired.

However, upon a consideration of the facts, which are not in dispute, we conclude that the learned trial court erred in holding that a credit was given by respondent to the owner in this case. The evidence does not show that a credit was given, but shows the contrary. When the owner informed respondent that he would not be able to pay the balance due him prior to the expiration of the time to file a lien, respondent advised him that he would have to file a lien for the protection of his claim, and was advised by the owner, Weaver, to do so. Hence, no credit was asked for or given. Respondent filed the lien in the time and manner required by law. After it had been filed and the six months' period for beginning an action to foreclose the same was about to expire, the owner and respondent agreed that the time for the commencement of the action to foreclose this lien should be extended for six months, but this could not operate to extend the time. The time within which an action to enforce a lien can be commenced after the lien has been filed cannot be extended, as against another encumbrancer, by an agreement between the lienor and the owner to extend the time of payment. (18 R. C. L., p. 982; *Brown v. Moore*, 26 Ill. 421, 79 Am. Dec. 383; and cases previously cited.)

The right of foreclosure existed immediately upon the filing of the lien, and the six months' period of limitations immediately began to run, and any disability which arrests the running of the statute must exist at the time the right of action accrues. The statute having once attached, the period will continue to run, and is not suspended by any subsequent disability. (17 R. C. L., pp. 825, 826, and cases cited.)

The case should be reversed and remanded, with instructions to disallow respondent's lien against the premises in question, and it is so ordered. Costs to appellant.

Wm. E. Lee, Budge and Givens, JJ., and Babcock, District Judge, concur.