A new trial should be had and the judgment is reversed.

WILBUR, Circuit Judge (concurring).

I concur in the views expressed by the main opinion, with one exception. In my opinion the objections to the instructions given by the court were not sufficiently definite to justify a reversal and I therefore place my concurrence in the judgment for reversal upon the ground that the instruction referred to in the main opinion concerning the validity of the notice of location of the Blue Bird should have been given, and it was error to refuse the instruction. In view of the fact that it does not change the result I feel it is unnecessary to elaborate my views.

RUTHERFORD et al. v. MAKI et al.

No. 4156.

District Court of Alaska. Fourth Division. Fairbanks.

Aug. 5, 1938.

Cecil H. Clegg, of Fairbanks, for plaintiffs.
Charles E. Taylor, of Fairbanks, for defendants.

PRATT, District Judge.

The complaint alleges that a claim of lien was filed by plaintiff upon the 15th day of September, 1937, for building materials and supplies furnished by plaintiff to the defendant Mary Maki and used in the construction of certain buildings known as the Arctic Hotel properties.

The foreclosure action was commenced upon the 5th day of May, 1938, against Mary Maki and against Paul Palfy and Andrew Nerland, as holders of subsequent liens for material furnished. The only excuse set forth in the complaint for not beginning the suit within six months of the filing of the lien is the statement that Mary Maki, upon the 10th day of November, 1937, made a payment of $20 upon the matters mentioned in the lien claim and that credit was then and there given to the defendant Mary Maki for said sum upon said claim and that six months had not expired since the time of giving said credit.

The defendants Paul Palfy and Andrew Nerland have separately demurred to the complaint on the grounds:

1. That the action was not commenced within the time limited by statute; and

2. That the complaint does not state facts sufficient to constitute a cause of action against the demurring defendants.

Section 1989, Compiled Laws of Alaska 1933, provides: "No lien provided for in this article shall bind any building, structure, or other improvement for a longer period than six months after the same shall have been filed, unless suit be brought before the proper court within that time to enforce the same, or, if a credit be given, then six months after the expiration of such credit; but no lien shall be continued in force for a longer time than one year from the time the work is completed by any agreement to give credit."

This section, which appeared in Carter's Alaska Codes of 1900 (Civil, § 268), and thereafter, was copied from the laws of Oregon, Hill's Annotated Code, § 3675.

In Fleshman v. Whiteside et al., 1934, 148 Or. 73, 34 P.2d 648, 93 A.L.R. 1456, an identical situation was presented to the court under section 51-107, Oregon Code of 1930, which reads as follows: "'No lien provided for in this act shall bind any building, structure, or other improvement for a longer period than six months after the same shall have been filed unless suit be brought in a proper court within that time to enforce the same; or if a credit be given, then six months after the expiration of such credit; but no lien shall be continued in force for a longer time than two years from the time the work is completed by any agreement to give credit.'"

A payment after the filing of the lien was held not to be a credit within the meaning of the statute, which would extend the time for the bringing of an action. In that case the question that the suit had not been brought within the time prescribed by law had not been raised by demurrer or answer, but was raised for the first time upon appeal, and it was held that it had not been waived, but

could be so raised upon appeal, as the remedy was a part of the right granted by statute and the time limited was more than a mere statute of limitations.

In Allen v. Roufs et al., 1934, 146 Or. 451, 30 P.2d 766, a lien claim was filed promptly after the completion of the improvement work, but no mention was made therein of any credit having been given. More than six months after the filing of the lien, a complaint was filed alleging that a credit had been given. The court held that there was a fatal variance between the complaint and the lien statement and that the right to foreclose the lien was lost.

In Boise Payette Lumber Co. v. Weaver, 1925, 40 Idaho 516, 234 P. 150, the lien claimant and the owner of the house entered into a stipulation, after the filing of the lien claim, that additional time should be allowed within which to commence the foreclosure suit.

As against an encumbrancer it was held that the right to foreclose existed immediately upon the filing of the lien, and the period for bringing the suit to foreclose commenced running then, and the period could not be extended by agreements of the parties. This was under a statute worded essentially as that of Alaska with respect to the time within which an action should be commenced to foreclose a lien.

In Knowles v. Baldwin, 1899, 125 Cal. 224, 57 P. 988, the court held that section 1190 of the Code of Civil Procedure of California required that a credit which would extend the time for commencing the suit to foreclose must exist in the contract, by virtue of which the material was furnished.

Section 1190, above mentioned, is set forth in full in the case of Hughes Bros. et al. v. Hoover et al., 1906, 3 Cal.App. 145, 84 P. 681, on page 683, and is as follows: " 'No lien provided for in this chapter binds any building, mining claim, improvement, or structure, for a longer period than ninety days after the same has been

filed, unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given, then ninety days after the expiration of such credit; but no lien continues in force for a longer time than two years from the time the work is completed, by any agreement to give credit.' "

From a reading of the Alaska statute and the authorities above mentioned, it becomes clear that the payment of $20 by the defendant Mary Maki, after the filing of the lien claim, could not constitute a credit as contemplated by section 1989, C.L.A.1933.

Consequently, the complaint fails to show the existence of a materialman's lien at the time of the filing of the action and fails to state any cause of action as against the defendants Palfy and Nerland.

The demurrers of defendants Palfy and Nerland should, therefore, be sustained upon the ground that the complaint fails to state a cause of action against them.