437 P.2d 134

The MUTUAL BUILDING & LOAN ASSOCIATION OF SANTA FE, New Mexico, Plaintiff-Appellee,

v.

John FIDEL, Toufick N. Fidel and Clara S. Fidel, Defendants-Appellees,

G & G Heating, Inc., and James P. Johnson, Defendants-Appellants.

No. 8472.

Supreme Court of New Mexico.

Feb. 5, 1968.

Iden & Johnson, Richard G. Cooper, Albuquerque, for T. N. and Clara S. Fidel.

Adams & Pongetti, Albuquerque, for John N. Fidel.

White, Gilbert, Koch & Kelly, Santa Fe, for Mutual Bldg. & Loan.

Zinn & Donnell, Santa Fe, for J. P. Johnson.

Catron & Catron, Thomas A. Donnelly, Santa Fe, for G & G Heating.

## OPINION

MOISE, Justice.

We are here called upon to interpret the meaning of the language of our mechanics' lien law (§ 61–2–9, N.M.S.A.1953) which we have italicized:

"No lien provided for in this article binds any building, mining claim, improvement or structure for a longer period than one (1) year after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same, *or, if a credit be given, then six (6) months after the expiration of such credit, but no lien continues in force for a longer time than two (2) years from the time the work is completed by any agreement to give credit.*"

Plaintiff Mutual Building and Loan Association and defendants John N. Fidel and Toufick N. Fidel held mortgages on the property known as the El Fidel Hotel in Santa Fe. They seek foreclosure of the mortgages. Defendant Johnson, in the year 1964, did certain work on the property and on December 23, 1964 filed his claim of lien. No action was brought to foreclose the lien within one year, but on December 14, 1965 an "Agreement for Credit and Extension of Lien" was executed by the owners of the property, wherein it was agreed that the lien was extended and should "continue to bind said land and real estate in accordance with said statute [§ 61–2–9, N.M.S.A.1953] * * *." A cross-claim seeking foreclosure of the Johnson lien was filed July 28, 1966, being less than six months after the expiration of the extension of credit, but more than one year after the filing of the claim of lien.

Defendant G & G Heating, Inc., also did work on the El Fidel Hotel property and filed its claim of lien on December 22, 1964. On October 18, 1965, an agreement was entered into with the hotel owners that "* * the time for enforcing the aforesaid lien shall be extended for the full period of two years from the time the work on El Fidel Hotel was completed, that is, until September 26, 1966." Foreclosure of the lien was first sought by counterclaim filed July 11, 1966, being more than one year after the lien was filed.

Plaintiff, and defendants John N. Fidel and Toufick N. Fidel, moved for dismissal of the counterclaims seeking foreclosure of the mechanics' liens. The motions were sustained, and from the order of dismissal this appeal was taken. The order of dismissal recites that no reason was present

to delay entry of the order, and directs that the judgment against defendants Johnson and G & G Heating, Inc., should be entered. Accordingly, the judgment was final and appealable under Rule of Civil Procedure 54(b) (§ 21–1–1(54) (b), N.M.S.A.1953).

Does the italicized language in § 61–2–9, supra, as set out above, permit the extension of time to foreclose as was here undertaken? The question is one of first impression in this jurisdiction and, because of variations in statutes in the different states, precedents from other jurisdictions are not too helpful or numerous.

█ Specifically, we must determine if "credit" as that term is used in the statute, refers to the terms extended in connection with the sale of material, or to subsequent agreements granting additional time to make payment. We conclude it refers to terms for payment agreed upon when the sale is made, or possibly at a later time, but before filing of the claim of lien, and that the trial court ruled correctly when it held that agreements for extensions of time to foreclose were not contemplated or included.

█ We would first take note that § 61–2–6, N.M.S.A.1953, provides that claims of lien to be effective must be filed and, among other things, must set forth "* * * a statement of the terms, time given and conditions of his [claimant's] contract * * *." In our view, these items are simply the "credit" arrangement between the parties referred to in § 61–2–9, supra, and, as there provided, if the agreement contemplated time in which to pay (credit) then the requirement that suit to foreclose the lien must be brought within one year after filing was extended so as to make timely a suit filed within six months after the debt was due, but not later than two years after completion of the work. See Alsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 72, 385 P.2d 625 (1963); Fleshman v. Whiteside, 148 Or. 73, 34 P.2d 648, 93 A.L.R. 1456 (1934). We see nothing in the language of the provision to indicate that after a claim

of lien had been filed, new agreements or arrangements could be entered into whereby the time of foreclosure could be extended. Such an interpretation is, to our minds, entirely contrary to all practice in dealing with real property. We note that no provision is made for filing of extension agreements and, as a matter of fact, one of the agreements here was by letter, without acknowledgment, and it was not filed or recorded. The possible effects of such a procedure on subsequent purchasers or creditors is obvious. See Ackerman v. Albuquerque Lumber Co., 38 N.M. 191, 29 P. 2d 714 (1934); Brown v. Moore, 26 Ill. 421, 79 Am.Dec. 383 (1861); Allen v. Roufs, 146 Or. 451, 30 P.2d 766 (1934). Compare the present version of Idaho Statute, I.C. § 45–510 (1947). Be this as it may, we are not without some more assistance in the cases from other states.

As noted in Lembke Construction Co. v. J. D. Coggins Co., 72 N.M. 259, 382 P.2d 983 (1963), our statute was copied from California and the decisions of the highest court of that state interpreting the statute have been deemed highly persuasive and have been consistently followed.

In Knowles v. Baldwin, 125 Cal. 224, 57 P. 988 (1899), followed by Hughes Bros. v. Hoover, 3 Cal.App. 145, 84 P. 681 (1906), we find the California court clearly holding that the credit referred to in the statute means the terms agreed upon by the owner and contractor prior to the filing of the claim of lien. In neither of these cases is it even suggested that an agreement altering the terms as shown in the claim of lien would have the effect of extending the time for commencing suit. Other cases wherein comparable statutory provisions were involved, and similar conclusions were reached are Rutherford v. Maki (D.C.Alaska 1938) 9 Alaska 350; Capitol Lumbering Co. v. Ryan, 34 Or. 73, 54 P. 1093 (1898).

However, the closest case on its facts and involving an almost identical statute prior to its amendment as noted above, is Boise Payette Lumber Co. v. Weaver, 40 Idaho 516, 234 P. 150 (1925). A claim of lien was filed and, before the six months provided by

the statute to start foreclosure had expired, a written agreement to extend the time beyond six months was entered into and filed of record. The appellate court held specifically that "credit" mentioned in the statute did not include grants of additional time to pay so as to extend the statutory limitation on the bringing of an action. We quote from the opinion in that case:

"* * * Respondent filed the lien in the time and manner required by law. After it had been filed and the six month period for beginning an action to foreclose the same was about to expire, the owner and respondent agreed that the time for the commencement of the action to foreclose this lien should be extended for six months, but this could not operate to extend the time. The time within which an action to enforce a lien can be commenced after the lien has been filed cannot be extended, as against another incumbrancer, by an agreement between the lienor and the owner to extend the time of payment. 18 R.C.L. p. 982; Brown v. Moore, 26 Ill. 421, 79 Am.Dec. 383 and cases previously cited.

"The right of foreclosure existed immediately upon the filing of the lien, and the six months period of limitations immediately began to run, and any disability which arrests the running of the statute must exist at the time the right of action accrues. The statute having once attached the period will continue to run, and is not suspended by any subsequent disability. * * *"

Although appellants attack the Idaho case as not being well-reasoned or supported by authority, we are satisfied that the analysis of the statute, and the application of it by the court in that case, is logical and sound. We read the statute as meaning what the court there determined. The trial court's order dismissing the counterclaim of appellants seeking foreclosure of the mechanics' liens was correct and should be affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.