(112 App. Div. 345)

### GURSKI v. DOSCHER.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

1. CONTRACT—TIME OF PAYMENT.
    Where a contract for the construction of a building fails to fix a time for payment, the law fixes the completion of the work as the time for payment.
    [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 980–988.]

2. TRIAL—EVIDENCE—OBJECTIONS—SUFFICIENCY.
    An objection to the admission of evidence of a change in a contract on the ground that the same is incompetent, immaterial, and irrelevant, and as tending to vary a contract executed, does not raise the point that there is no consideration for the new agreement.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 211–213.]

3. SAME—INSTRUCTIONS—OBJECTIONS—SUFFICIENCY.
    In an action for the value of work done and materials furnished, plaintiff claimed the making of a new contract, modifying the original contract. Defendant denied the making of a new contract. The court left it to the jury to determine whether a new contract was made. Defendant excepted to the instruction without raising the question of the invalidity of the new contract for lack of consideration. His request to charge omitted the same question. Held, that the objection that the new contract was invalid for want of consideration was not raised.

Appeal from Trial Term, Kings County.

Action by Joseph Gurski against Claus Doscher. From a judgment for plaintiff, defendant appeals. Affirmed.

The plaintiff submitted the following writing signed by him to the defendant, who was receiving estimates to build 22 houses on Wyona street, Brooklyn; "Mr. Claus Doscher:   I hereby agree to do all the brick work for twenty two houses, two story and cellar, put in concrete for the foundations, for the sum of $4,600." The next day the defendant told him to go ahead with the work. Nothing else occurred between them, and the plaintiff went to work on the houses. After working a week the plaintiff asked the defendant on Saturday for money and the defendant gave him $300. He testifies that he said to the defendant that that was not enough to pay his men for the week, and that they had to make some arrangement that he could get more money, and that the defendant answered "All right, make an agreement out and fetch it to me." Five days later he handed to the defendant a paper signed by himself which set out seven payments at seven stages of the work, viz., when the brick work is ready for the first tier of beams, $40 for each house, when it is ready for the second, $40, and so on. He testifies that the defendant said "That is right, that is the way it is got to be done," and kept the paper. On the Saturday following the plaintiff went to the defendant for money, and the defendant offered him $300. He declined it. The defendant denied that he had agreed to pay by the stages, and said if the plaintiff did not take the $300 he would give him nothing until the contract was completed. The plaintiff testifies that he had 19 houses up to the first tier and 3 up to the second, which would make $840 due on the installment basis, less the $300 paid. As the defendant would not pay this the plaintiff quit. This action is to recover the value of the work done and material furnished.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Henry F. Cochrane, for appellant.

B. R. Duncan, for respondent.

GAYNOR, J.   No time of payment having been fixed by the original contract the law fixed the time, viz., when the contract was completed. The defendant's counsel objected to the admission of the evidence of the change of the contract by providing for payments at stages of the work on the ground that it was "incompetent, immaterial and irrelevant, and as tending to vary a contract already executed between the parties." This general objection was of course not good; it did not raise the point that there was no consideration for the new agreement as is now urged. The difficulty with that is that there was no such objection taken on the trial. The court left it to the jury to say whether the new contract was made, the defendant having denied it on the witness stand. This was excepted to, but no question of invalidity for lack of consideration was raised. The exception was in terms to the charge (paraphrased by counsel) "that a binding contract could be subsequently modified between the parties." The request to charge has the same omission; indeed, it only asked the court to charge that "neither party" could change a contract. The brief for the appellant states that the foregoing is the only question the appellant submits.

The judgment and order should be affirmed.

Judgment and order of the County Court of Kings County affirmed, with costs. All concur.