### KIMBALL et al. v. ECONOMOPOULOS et al.

(Supreme Court, Appellate Term. May 15, 1908.)

Judgment—Conformity to Pleading and Proof.

A contract employing plaintiffs to inspect the electrical installation on certain premises for the purpose of determining the correctness of charges for electric current provided that upon the presentation of a certificate of inspection they were to be paid $100. In an action on the contract, defendants denied performance, set up fraud in the procurement of the contract, and attempted to show that under the contract they were not to be liable to plaintiffs unless plaintiffs succeeded in reducing the electric lighting bills or secured a substantial allowance for bills previously paid. *Held*, that a recovery by plaintiffs of $25 was unauthorized, as they were either entitled to recover $100 or nothing.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Wilbur R. Kimball and others against John Economopoulos and others. From a judgment for plaintiffs for less than their claim, they appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Goldsmith & Rosenthal (Milton M. Goldsmith, of counsel), for appellants.

W. B. Burnet, for respondents.

GREENBAUM, J. This action was brought by plaintiffs, electrical engineers, to recover the sum of $100 for services alleged to have been rendered pursuant to a written contract made with defendants. The defendants denied performance and set up fraud in the procurement of the contract. Judgment in the sum of $25 was rendered in favor of the plaintiffs. Plaintiffs appeal.

The agreement provided that the plaintiffs were to make inspection of the electrical installation on the premises occupied by the defendants for the purpose of determining the correctness of the charges for electrical current, and upon presentation of certificate of inspection they were to be paid the sum of $100. The defendants evidently used a considerable number of electric lights in their business, and the purpose of plaintiffs was to discover overcharges in the monthly bills of the electric lighting company that supplied light to the defendants. Defendants claimed fraud, but in reality at most attempted to show that they were not to be liable to plaintiffs unless they succeeded in reducing the electric lighting bills or secured substantial allowances from

bills previously paid. It is obvious that, if plaintiffs proved perform-ance and the defendants failed to establish fraud in the procurement of the contract, the plaintiffs were entitled to recover the sum of $100 and interest. If plaintiffs failed in the proof of performance, or if defendants' defenses were proven, then were the defendants entitled to judgment. A recovery of $25 cannot stand.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.