### BORKSTROM v. RYAN et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. WORK AND LABOR (§ 14*)—PARTIAL PERFORMANCE OF CONTRACT—QUANTUM MERUIT.

Where a subcontractor abandoned the work before it was completed, he could not maintain an action for the value of the materials furnished and the work done without justifying his default.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 31; Dec. Dig. § 14.*]

2. MECHANICS' LIENS (§ 277*)—CLAIM—FORECLOSURE—COMPLAINT—VARIANCE.

Where a subcontractor, having abandoned the work before completing his contract, filed a lien for the whole sum mentioned for the entire work, on the theory that the contract remained in force when the lien was filed, nearly a month after the work was abandoned, and that plaintiff was still continuing to perform it, such lien claim was inconsistent with the complaint, seeking to enforce the same for the reasonable value of plaintiff's work and materials on a quantum meruit.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 552; Dec. Dig. § 277.*]

Appeal from Special Term, New York County.

Action by Oscar G. Borkstrom against Peter J. Ryan and the Metropolitan Surety Company. From a judgment for plaintiff, foreclosing a mechanic's lien, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Frank L. Ryan, for appellants.
Herbert Goldmark, for respondent.

SCOTT, J.    The defendant Ryan had a contract for the alteration of, and the building of an addition to, Public School No. 32 in the city of New York. He made a subcontract to furnish, erect, and finish all the structural and ornamental iron work required under the first-mentioned contract. The plaintiff in turn made a subcontract with one Thacke to do the setting of the iron. Ryan's contract with the city contained a time limit; but no time limit was included, in terms, in the contract between the plaintiff and Ryan. The work which Ryan reserved to perform himself and that which plaintiff contracted to do were so dependent upon each other that delay by one necessarily delayed the other. The contract between plaintiff and Ryan was for the lump sum of $3,525, and, as no provision was made for payments as the work progressed, none was due to plaintiff until the completion of the contract.

There seems to be no doubt that there were delays on the part of both the plaintiff and Ryan, and that by such delays each hampered the work of the other. It is not, however, necessary to consider who offended most in this particular until the latter part of August, 1906, when the plaintiff ceased working, leaving a considerable part of the work which he had contracted to do undone. Up to that time he had furnished an amount of material and done an amount of work of the value, as found by the court, of the sum for which he has recovered judgment. Having admittedly abandoned the work before its completion, the plaintiff, in order to maintain an action for the value of the materials furnished and the work done, must justify his action in failing to complete his contract. This he attempts to do by the contention (in which he has been sustained by the Special Term) that the defendant Ryan refused to permit him to complete his contract and practically forced him to discontinue the work. Reading the evidence from the printed page, and without the advantage of having observed the witnesses as they testified, we should find some difficulty in arriving at the same conclusion upon this point that was arrived at by the Special Term.

There is, however, another objection to the judgment appealed from which we consider to be fatal. That is the inconsistency between the cause of action sued upon and the statement of claim incorporated in the notice of lien. The theory of the complaint is that on or about August 25, 1906, the contract between plaintiff and Ryan came to an end by reason of Ryan's refusal to permit plaintiff to continue its performance, and the action is, not for any amount coming due under the contract, but for the reasonable value of the materials furnished and work done down to the date upon which the contract was terminated. This involves the claim that plaintiff was justified in rescinding the contract, and that he did then rescind it. This is inconsistent with any claim that the contract survived the date when plaintiff left the work, or that any sum could thereafter become due under the contract. The claim as stated in the notice of lien proceeds upon an entirely different theory. The amount claimed is the whole sum mentioned in the contract for the entire work, and distinctly proceeds upon the theory that the contract remained in force when the lien was

filed (nearly a month after the abandonment of the work), and that plaintiff was still continuing to perform it.

If the contract remained in force after September 1, 1906, and plaintiff was still working under it, he cannot recover upon the cause of action stated in his complaint. If he rescinded the contract in August, 1906, so as to be entitled to sue upon a quantum meruit, his notice of lien falsely stated the particulars of his claim, and grossly magnified its amount. In face of such an inconsistency the judgment, in so far as it forecloses the lien, cannot be sustained. The court has found sufficient facts to sustain a personal judgment against the defendant Ryan; but, in view of our doubts as to the sufficiency of plaintiff's reason for quitting the work, we are of opinion that the ends of justice will be best served by reversing the judgment in toto.

Judgment reversed, and new trial granted, with costs to the appellants to abide the event. All concur.