### STEIGER v. LONDON et al.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

1. CONTRACTS (§ 303*)—BUILDING CONTRACTS—ABANDONMENT.

A contractor, who has been paid all installments so far due under the contract, and who refuses to proceed with the work unless he is paid another not yet due, abandons the work without legal cause.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 303.*]

2. CONTRACTS (§ 261*)—BUILDING CONTRACTS—RIGHTS OF OWNER.

A contract for work, which stipulates that, if the architect shall certify to the neglect of the contractor to prosecute the work, the owner may, after notice, provide labor and materials, and deduct the cost thereof from any money due or to become due to the contractor, and, if the architect shall certify that the neglect is sufficient ground for such action, the owner may terminate the employment of the contractor and complete the work, gives to the owner the option, on default of the contractor, either to terminate the contract and stand on his legal rights, or to terminate the contractor's employment and proceed to complete the work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1174–1180; Dec. Dig. § 261.*]

3. CONTRACTS (§ 306*)—BUILDING CONTRACTS—TERMINATION—NOTICE.

A building contract provided that, on the certificate of the architect of the default of the contractor, the owner, after notice, could provide the labor or materials and deduct the cost thereof from any money due or to become due, and that, on the architect certifying that the default was sufficient ground for such action, the owner might terminate the employment of the contractor and complete the work under the contract. The contractor abandoned the work without legal cause. The owner gave notice, referring to the architect's certificate of the contractor's default, and then notified the contractor that he terminated the employment and would enter on the premises to complete the work. *Held,* that the con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes .

tractor could recover the contract price, less the amount paid, plus the cost to the owner of completing the work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1531, 1532; Dec. Dig. § 306.*]

Appeal from Special Term, New York County.

Action by Ferdinand Steiger against Julius London and others. From a judgment of dismissal after trial, plaintiff appeals. Reversed, and judgment rendered.

See, also, 138 App. Div. 246, 122 N. Y. Supp. 1028.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Louis O. Van Doren, for appellant.

Joseph M. Proskauer, for respondents.

SCOTT, J. The plaintiff appeals from a judgment dismissing his complaint in an action to foreclose a mechanic's lien for materials furnished and work done under a contract by which plaintiff agreed to do the plumbing work in four houses owned by the defendants London and Press. By the terms of the contract the plaintiff was to be paid in five installments, of unequal amounts, as the work progressed. A time arrived, in November, 1906, after the plaintiff had completed a part of the work and furnished a good deal of material, that he became apprehensive lest the defendants might be unable to pay him his future installments, and refused to proceed further unless he was paid the next installment of the contract price, or furnished with security therefor. At this time he had been paid the first two installments due under the contract, and the third installment was not yet due. There was, therefore, no legal justification for his refusal to go further with the work. Upon this evidence the court at Special Term found that plaintiff had abandoned the contract and could recover nothing thereunder, notwithstanding, as it also found, that the amount paid to the plaintiff for the first two installments, plus the amount expended by the owners to complete the work, was less than the total contract price.

That the plaintiff abandoned his work without legal cause is undoubtedly true; but whether or not that abrogated the contract, so as to deprive him of any rights under it, is another question, which depends upon the action taken, at the time, by the owners. A very similar state of facts was considered by the Court of Appeals in Fraenkel v. Friedmann, 199 N. Y. 351, 92 N. E. 666. The contract under consideration in that case contained the identical clause which is contained in plaintiff's contract, and which reads as follows:

"Art. V. Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence. or fail in the performance of any of the agreements herein contained, such refusal, neglect, or failure being certified by the architect, the owner shall be at liberty, after three days' written notice to the contractor, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

126 N.Y.S.—17

and if the architect shall certify that such refusal, neglect, or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work, and to enter upon the premises and take possession for the purpose of completing the work included under this contract, of all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor; but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties."

The Court of Appeals held that under this clause it was optional with the owner, upon default of the contractor, either to put an end to the contract and stand upon his legal rights, or to terminate the contractor's employment as provided by the contract, and proceed under the contract to complete the work and furnish the materials as provided for therein. What the owner did in the case cited was to send a letter to the contractor, reciting his default in the performance of the contract and the architect's certificate to that effect, and concluding as follows:

"I hereby advise you that your employment as contractor is terminated, and I shall enter upon the said premises and take possession for the purpose of completing the work included in the contract myself, and shall employ such persons and provide such materials therefor as I deem proper and necessary."

The Court of Appeals held that the notice did not amount to a termination of the contract, but merely to a termination of the plaintiff's employment under the contract, and that, having taken this course, the owner must pay the contractor the contract price, less the amount necessarily expended for the completion thereof, as provided by the clause of the contract hereinbefore quoted.

The notice given by the owner in the present case was almost identical in tenor with that above quoted. It inclosed and referred to the architect's certificate of plaintiff's default in carrying out the contract, and then proceeded:

"Pursuant to the tenor of said certificate and the option given us under article V of the above recited contract, you are hereby notified that we hereby terminate your employment for the said work, and shall now ourselves enter upon the premises and take possession, for the purpose of completing the work included under said contract, of all materials, tools, and appliances thereon, and to employ any other person or persons to finish the work and to provide the materials therefor as authorized by the terms of said contract."

It is rare that the parallel between two cases is so close as that between the case at bar and that cited from the Court of Appeals, and the same result must follow—that the plaintiff is entitled to recover the contract price, less the amount he has been paid, plus the sum that it cost the owner to complete the contract work. Fortunately all the facts necessary to determine the amount thus due have been found by

the Special Term, so that it will not be necessary to send the case back for a new trial. The contract price was $13,200. The plaintiff had been paid, prior to his default, $4,500. The owner expended in completing the work, after plaintiff's default, $7,821.53. The plaintiff is entitled to judgment for the difference between the sums of the last two amounts ($12,321.53) and the contract price of $13,200, being $878.47, with interest.

The judgment appealed from must therefore be reversed, and a judgment directed in favor of the plaintiff for $878.47, with interest, but without costs in this court or the court below, because of the greatly exaggerated claim for damages embraced in the complaint.

Settle order on notice. All concur.