### ROSEN v. BONAGUR et al.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. CONTRACTS (§ 214*)—CONSTRUCTION—TIME OF PAYMENT.
   When a building contract specifies no time for payment, nothing is earned until performance is completed.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 980–995; Dec. Dig. § 214.*]

2. CONTRACTS (§ 319*)—PERFORMANCE—ABANDONMENT.
   Where a subcontractor, though his contract specified no time for payment, refused to go on with the work unless paid more than he had earned, he abandoned the contract, and could not recover for the work performed.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319.*]

3. CONTRACTS (§ 319*)—PARTIAL PERFORMANCE—RECOVERY.
   A partial recovery cannot be had under an entire contract, where the contract has not been substantially performed.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Nathan Rosen against Antonio Bonagur and another. From a judgment for plaintiff, defendant Bonagur appeals. Reversed, and complaint dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Menken Bros., of New York City, for appellant.
Arthur L. Davis, of New York City, for respondent.

GUY, J.   The action is brought upon a mechanic's lien for $246, filed against Bonagur as contractor and Levy as owner. Plaintiff was a subcontractor.

[1] The contract was an accepted proposal to do certain repairs for $246.   No time of payment was specified.   When a building contract specifies no fixed time for payment, nothing is earned until performance is completed.   Gurski v. Doscher, 112 App. Div. 345, 346, 98 N. Y. Supp. 588, affirmed 190 N. Y. 536, 83 N. E. 1125.

[2] The work was not diligently prosecuted, and the contractor gave plaintiff notice to complete it, which he disregarded, and filed a lien for the entire contract price, of which he has recovered less than a third.   There is no sufficient proof of any modification of the contract as to time of payment.

There was no justification for the plaintiff's refusing to go on with the work unless he was paid $100, which was $25 more than the court found he had earned, and was also in disregard of his agreement, in legal effect, to complete the work before receiving any payment.   Plaintiff abandoned his contract without any justification. Steiger v. London, 141 App. Div. 382, 383, 126 N. Y. Supp. 256; Borkstrom v. Ryan, 138 App. Div. 185, 186, 122 N. Y. Supp. 878. Appellant then completed the work through another subcontractor, said work costing more than he had agreed to pay plaintiff.

[3] A partial recovery cannot be had under an entire contract, where it appears that there has been no substantial performance of the contract.   Kimball v. Economopoulos (Sup.) 110 N. Y. Supp. 350; Hogg v. Larchmont Yacht Club (Sup.) 134 N. Y. Supp. 1079; Seligman v. Linder (Sup.) 117 N. Y. Supp. 192, 193; Enskew v. Reise (Sup.) 117 N. Y. Supp. 906.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.