Wimpie Electric Company, Inc., Appellant, v. Columbus Circle Construction Corporation, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Evidence — when judgment against weight of — admission of evidence — on trial of action to recover for loss of profits — contracts — trial.

On the trial of an action to recover for loss of profits caused by the alleged breach of a contract to engage plaintiff, a corporation, to install an electric system in a building being erected for defendant, another corporation, its president testified that in a letter in which defendant abrogated the transaction, and to avoid litigation, a check for fifty dollars was inclosed "for your trouble in connection with the estimating etc.," that the check was returned and that subsequently defendant sent a third party to plaintiff to attempt to settle its claim. It was undisputed that plaintiff delivered materials and that its workmen did some work but whether this was done under the specifications was disputed. The main question in the case, tried without a jury, was whether the contract was ever made. *Held*, upon reversing a judgment in favor of defendant, that, though the question whether plaintiff's bid had ever been accepted was one of fact, a finding that the bid had not been accepted was against the weight of evidence.

When the letter, which was material, was first offered in evidence it was excluded, and plaintiff duly excepted, and the letter was marked for identification, and when later it was admitted in evidence on plaintiff's offer defendant excepted and the court immediately struck it out. *Held*, that the letter should not have been excluded though no objection and exception was taken by plaintiff.

Appeal by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of

Manhattan, eighth district, rendered in favor of defendant, after trial before the court without a jury.

Herman A. Brand, for appellant.

Felt & Elias (Abraham Felt [and Louis J. Elias, on the brief], of counsel), for respondent.

FINCH, J.  The action is for damages for breach of contract to engage the plaintiff to install an electric system in a building being erected by the defendant. The main question is whether or not a contract was ever made between the plaintiff and the defendant. Wimpie, plaintiff's secretary and treasurer, testified that on February 16, 1916, he submitted to Mandel, defendant's president, a bid in writing to do the work for $2,350, in accordance with the detailed specifications annexed to the bid; that Mandel only agreed to accept the bid, and told Wimpie to "watch the job," and stated that he would tell Wimpie when he would be ready; and that on February nineteenth it was orally agreed between them that plaintiff was to start work on February twenty-third and was to deliver the necessary materials in the meantime. It is undisputed that plaintiff did, on February nineteenth, deliver materials of about the value of $27, and that the plaintiff's workmen did do some work on the building to the extent of about $11, though there is a dispute as to whether this work was done under the specifications. On February twenty-ninth plaintiff received a letter from the defendant abrogating the transaction. This action is brought for loss of profits which plaintiff claims it would have made.

Defendant claims that it never made any contract. No formal contract was made, though Wimpie testified that when Mandel accepted the bid he promised to

prepare a formal contract, which he never did.   Mandel testified that he never accepted the bid, and never directed the plaintiff to start the work.   It is highly significant, however, that in the letter of February twenty-ninth, in which defendant abrogated the transaction, it inclosed a check for fifty dollars '' for your trouble in connection with the estimating, etc.,'' and subsequently sent a third party to plaintiff to attempt to settle plaintiff's claim.   Plaintiff returned the check.   Mandel testified that he sent the check merely to avoid the inconvenience of litigation.   It was a question of fact as to whether the bid had ever been accepted, but a finding that it had not been accepted would seem to be against the weight of the evidence, especially when it is considered that plaintiff's material and workmen had been on the job from February nineteenth, and that plaintiff had demanded a formal contract on February twenty-fourth, and had received no disavowal from the defendant until February twenty-ninth, when the fifty dollars was sent in compensation for plaintiff's "trouble."   It is true that no time was agreed upon within which the contract was to be performed, but the law under such circumstances will imply reasonable time.   Also no time was agreed on for payment, but it is then, as a matter of law, the time when performance is completed.   *Gurski* v. *Doscher*, 112 App. Div. 345.

In connection with a reversal of the judgment, it is important to note that the court erroneously excluded the letter of February twenty-fourth from the plaintiff to the defendant. ' This letter was material.   When the letter was first offered in evidence, the court excluded it and an exception was taken by plaintiff's counsel, and the letter was marked for identification.   Subsequently in the case the plaintiff again offered the letter in evidence and it was admitted in evidence

by the court, and an exception was taken by defendant's counsel. Almost immediately thereafter it was stricken out by the court. The record does not disclose an objection and exception by the plaintiff to this latter exclusion. As noted above, the letter was material to the plaintiff's cause of action and should not have been excluded.

For the foregoing reasons, the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.