Argued June 23, affirmed June 29, 1926.

# E. A. GRAF v. MICHAEL PETRY ET AL.

### (247 Pac. 315.)

**Pleading.**

1.  Where no demurrer is filed to complaint and it is put in issue by answer and trial had, it will be construed by appellate court in most favorable light.

**Appeal and Error—Where Complaint, not Demurred to, to Foreclose Mechanic's Lien, Under Which Trial was had, Failed to Allege Terms Under Which Materials and Services were Furnished, Contract will be Assumed to have Required Payment of Reasonable Value.**

2.  Where complaint to foreclose mechanic's lien was not demurred to, but was put in issue by answer, and trial had thereon, though failing to allege terms of contract under which materials and services were furnished, contract will be assumed to have called for payment of reasonable value of services and material.

**Mechanics' Liens.**

3.  In suit to enforce mechanic's lien, where notice of lien recites one contract, and complaint is based on entirely different contract, variance is fatal.

**Mechanics' Liens.**

4.  In suit to enforce mechanic's lien, plaintiff, having pleaded contract, must allege its terms and compliance therewith by him, or some excuse for failure to completely perform, in view of Secion 88, Or. L.

**Mechanics' Liens—Proof That Services and Materials were to be Furnished at Cost Plus Held not to Support Complaint to Foreclose Mechanic's Lien Based on Contract Calling for Payment of Reasonable Value.**

5.  Proof that services and materials were to be furnished for actual cost, plus two per cent, *held* not to support allegations of complaint to foreclose mechanic's lien alleging that payment was to be reasonable value of services performed and materials furnished.

Mechanics' Liens, 40 **C. J.**, p. 453, n. 26, p. 454, n. 34, p. 475, n. 23, p. 476, n. 47.

From Multnomah: GEORGE G. BINGHAM, Judge.

Department 1.

AFFIRMED.

1.  See 21 **R. C. L.** 467.
4.  See 18 **R. C. L.** 985.

For appellant there was a brief and oral argument by *Mr. Oliver M. Hickey.*

For respondents there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan,* with an oral argument by *Mr. Arthur H. Lewis.*

RAND, J.—This is a suit to foreclose a mechanic's lien. The complaint alleges that the plaintiff, as an original contractor, furnished material and performed labor at the special instance and request of the defendants in the construction of a building, "and completed said building on August 23, 1922." The prayer of the complaint is for the reasonable value of the material and labor furnished, and not for the price stipulated to be paid therefor. There is no allegation in the complaint or in the reply of any of the terms of the contract, or of the price stipulated to be paid for the furnishing of the material or the performance of the work; nor is there any allegation that plaintiff completely performed the contract, other than the language, "and completed said building on August 23, 1922." Nor is there any allegation of any facts or circumstances, which would entitle the plaintiff to recover the reasonable value and not the price stipulated to be paid for performance upon his part.

1, 2. Construing the complaint in its most favorable light, no demurrer having been filed thereto, and it having been put at issue by the filing of an answer, and a trial having been had, we must assume in the absence of any allegation as to the terms of the contract, that the contract was that plaintiff should be paid the reasonable value of the services performed

and material furnished. Plaintiff filed a notice or claim of lien which contained this recital: ''That the contract and agreed price thereof, was and is the cost of the material and labor used in and performed upon said building and premises, amounting to $4,163.14, together with an additional charge of 2% on the gross amount thereof, amounting to $83.26. That said sum is a reasonable price for said labor and materials done and furnished in and upon said premises.'' The answer averred that the work was performed and material furnished under an express contract for which plaintiff was to be paid the sum of $3,500 and alleged payment of that sum. The reply admitted payment of the amount alleged in the answer, but denied that said sum was the amount agreed to be paid.

Plaintiff contends in his argument and brief here, that the contract under which he performed the work and furnished the material was, that he should be paid the actual cost, plus 2 per cent. Plaintiff must recover, if at all, upon the contract as alleged in the complaint. Proof of an entirely different contract and containing terms entirely different from those alleged, will not support a recovery. Any material and substantial variance between the essential allegations of the pleadings and the lien claim or notice, will be fatal: 27 Cyc., pp. 405, 406.

3. In a suit to enforce a mechanic's lien, where the notice of lien recites one contract, and the complaint is based upon an entirely different contract, the variance is fatal: *Finn* v. *Diamond Laundry Co.*, 52 Cal. App. 294 (198 Pac. 657); *Borkstrom* v. *Ryan*, 138 App. Div. 183 (122 N. Y. Supp. 878).

4. Having pleaded the contract, it was necessary for the plaintiff to allege the terms of the contract and a compliance by him with such terms, or some excuse for his failure to completely perform the contract: Section 88, Or. L.

5. In the particulars referred to, the proof did not support the allegations of the complaint, and no attempt was made to have the complaint amended. But notwithstanding this, we have examined into the merits of the case.

This cause was heard before the late Honorable GEORGE G. BINGHAM, and with his findings and decree on the merits we are fully in accord. He found that the contract was for the payment of a stipulated price, and that the full amount stipulated had been paid, and that there was nothing due or owing plaintiff from defendants because of said labor or material. We so find.

The decree will therefore be affirmed. AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.