Argued February 8; affirmed March 27, 1934

# ALLEN *v.* ROUFS ET AL.

(30 P. (2d) 766)

*F. O. Small,* of Klamath Falls, for appellant.

*A. W. Schaupp,* of Klamath Falls, for respondents.

BELT, J.  This is a suit to foreclose a mechanic's lien for labor performed in constructing a house and

garage on the east half of lots 45, 46, 47, and 48, in block 11, St. Francis Park, Klamath Falls, Oregon. From a decree dismissing the suit, plaintiff appeals.

Plaintiff was employed by the defendant H. E. Roufs who was in possession of the property in question under a contract to purchase from Geo. S. Rusco. The work was completed on August 13, 1931, and on the same day plaintiff filed his notice of lien, claiming that the sum of $460.80 "is now due" and that "the above statement is a true and correct statement of the sum and demand due the claimant after deducting all just credits and offsets, the balance now due being the sum of $460.80". On April 21, 1932, Roufs abandoned his contract and quitclaimed his interest in the property to Rusco who, on June 7, 1932, conveyed the same by warranty deed to the defendant C. N. Gillmore. In the covenant of warranty Rusco excepted "any and all building liens and the 1930 and subsequent taxes". Suit was commenced to foreclose the lien on August 13, 1932, which, it is observed, is one year after the notice of lien was filed.

██ While plaintiff, in his notice of lien, claims the sum of $460.80 was due and owing, in his complaint to foreclose the lien it is alleged that he agreed with the defendant H. E. Roufs that he would wait for his pay until the latter "was able to negotiate a loan on said lot or tract of land or had sold the same, at the completion of either of which events, this plaintiff's claim for his labor was to be paid". Both of these statements relative to the time of payment cannot be true. It was held in *Graf v. Petry,* 118 Or. 511 (247 P. 315), that:

"In a suit to enforce a mechanic's lien, where the notice of lien recites one contract, and the complaint is based upon an entirely different contract, the variance is fatal: Finn v. Diamond Laundry Co., 52 Cal.

App. 294 (198 Pac. 657); Borkstrom v. Ryan, 138 App. Div. 183 (122 N. Y. Supp. 878).''

In the instant case there is a variance relative to the time of payment between the contract as set forth in the notice of lien and the one alleged in the complaint. If the rights of the plaintiff are to be determined by the contract as alleged in his complaint, it is doubtful if his claim for wages has accrued, since it appears from the uncontradicted testimony that Roufs never procured a loan on the property nor did he ever sell the same. We think, however, that his claim would accrue upon the expiration of a reasonable length of time after Roufs had opportunity to procure a loan or sell the property.

■ The principal question is whether the suit to foreclose the lien has been commenced within the statutory period. Section 51-107, Oregon Code 1930, provides:

''No lien provided for in this act shall bind any building, structure, or other improvement for a longer period than six months after the same shall have been filed unless suit be brought in a proper court within that time to enforce the same; or if a credit be given, then six months after the expiration of such credit; but no lien shall be continued in force for a longer time than two years from the time the work is completed by any agreement to give credit.''

It is not contended by plaintiff that the suit was brought within six months after the notice of lien was filed, but he asserts that it was brought within six months after the expiration of a credit allowance as provided in the above section of the statute.

If it be assumed that there was an agreement relative to time of payment as alleged by plaintiff in his complaint, no notice of any credit given was set forth in his claim of lien. It is difficult, therefore, to under-

stand how such agreement could affect the rights of subsequent purchasers or encumbrancers. It is true that when the defendant Gillmore purchased the property he was bound to take constructive notice of the lien as filed by the plaintiff, but what knowledge would he have derived relative to any credit given had he actually examined the record of the mechanic's lien? He would have been apprised of the fact that plaintiff claimed the lien and that the same was filed on August 13, 1931, but as no notice of any credit was given therein would he not have the right to assume, in view of the lapse of time, that this lien was unenforceable, since no suit had been brought within six months from the time it was filed? If such private agreements can be made relative to time of payment and no notice thereof be given in the lien filed, then there is no security for those who, in good faith, purchase property under the belief that the time for the enforcement of liens has passed.

■ Whether, where third parties have relied upon the lien notice as fixing the time when suit must be commenced or the lien fail, it is incumbent upon a lien claimant to state in his notice the fact that a credit has been given, is a question which has never previously been before this court for consideration. There is a surprising dearth of authority upon this precise point, but this court is impressed by the well reasoned case of *Schneider v. Kolthoff*, 59 Ind. 568, which supports the contention of the respondent. In that case the court, in considering a similar statute, said:

"The statute does not, in terms, require the notice of the lien to state that a credit has been given, where such is the case; but, as the chief object of filing the notice in the recorder's office, and having it recorded, is to give notice to the public of the fact, nature and

character of the lien, we think it should state the credit, where it has been given; and that, if it do not, subsequent purchasers may act on the theory that none was given. The notice of the lien, it seems to us, should state the fact and length of the credit, where credit has been given, so that subsequent purchasers may know within what time an action must be brought to enforce the lien. If the notice of the lien do not state that a credit has been given, it may well be assumed by subsequent purchasers or encumbrancers that none was given, and that the action to enforce the lien would have to be brought within the time limited, in case no credit was given.''

Also see *Wade v. Reitz,* 18 Ind. 307.

Both *Henry v. Hand,* 36 Or. 492 (59 P. 330), and *Capital Lumbering Co. v. Ryan,* 34 Or. 73 (54 P. 1093), cited by appellant, are based upon a state of facts different from those involved herein and are not in conflict with the conclusion reached.

It follows that the decree of the lower court is affirmed.

BEAN, ROSSMAN and KELLY, JJ., concur.