Argued June 21; reversed July 17; rehearing denied
September 11, 1934

## FLESHMAN *v.* WHITESIDE ET AL.

(34 P. (2d) 648)

*Harry G. Hoy* and *R. F. Hollister,* both of Portland, for appellant.

*Walter T. Durgan* and *Fred McHenry,* both of Corvallis, for respondent.

BAILEY, J. This suit was instituted by the plaintiff to foreclose his own and two assigned mechanics' liens. From a decree foreclosing the liens on certain personal property for the amount found due plaintiff from the Willamette Petroleum Syndicate, all the defendants except Clarence J. Whiteside and May Whiteside, who are not shown to have any interest in that property, prosecute this appeal.

The two principal questions here presented involve the construction of § 51-107, Oregon Code 1930, reading as follows:

"No lien provided for in this act shall bind any building, structure, or other improvement for a longer period than six months after the same shall have been filed unless suit be brought in a proper court within that time to enforce the same; or if a credit be given, then six months after the expiration of such credit; but no lien shall be continued in force for a longer time than two years from the time the work is completed by any agreement to give credit."

The three notices of claim of lien in this case were filed on September 19, 1931, were in the usual form and were for balance due for labor performed "in the construction of and drilling" an oil well in Benton county, Oregon. The complaint in the suit to foreclose the liens was not filed until August 31, 1932.

It is the plaintiff's contention that (1) the time in which to institute suit to foreclose these liens was extended by certain transactions between the lien claimants and the defendant Willamette Petroleum Syndicate; and (2) that the section of the code above quoted is a statute of limitations and since the defendants did not, either by demurrer or answer, raise the question that the suit had not been brought within the time prescribed by law, they thereby waived that defense.

The only allegations of the complaint with which we are here concerned are those contained in paragraph 12 of that pleading, reading as follows:

"That within six months from the date of filing said lien and on the 18th day of March, 1932, the defendant, Willamette Petroleum Syndicate, for the purpose of extending the time for the foreclosure of said lien, did on said March 18, 1932, make a partial payment upon said amount due upon said lien of $10.00, for the purpose of, and with the understanding that said payment should operate as a payment for the purpose of extending the time for foreclosing said lien; that said payment is evidenced by a letter of said Willamette Petroleum Syndicate, dated March 18, 1931 [1932], filed with the county clerk of Benton county, Oregon, on March 19, 1931 [1932], a copy of which is hereto attached, marked 'Exhibit A-1' and by reference made a part hereof; that six months have not elapsed since the 18th day of March, 1932."

The letter referred to in the foregoing paragraph is dated at Portland, Oregon, March 18, 1932, signed by the Willamette Petroleum Syndicate, addressed to the plaintiff, and in the following words:

"Enclosed herewith find check No. 110, bearing date of this letter in the amount of $10.00. This check is a partial payment upon wages due you by the company for which wages you have filed a lien in Benton county, Oregon, but this payment is made without prejudice to any rights the company may have as to the amount of the lien claimed."

Similar allegations are contained in the other two causes of suit, including mention of identical letters, with the exception that the latter had been addressed to the other two lien claimants.

■ It is evident from the quoted allegation of the complaint and the testimony of plaintiff's attorney and the argument in his brief, that the plaintiff is relying

entirely on the payment of $10 on each claim as being sufficient in and of itself to extend for six months the time within which suit could be brought to foreclose the three liens. No contention is made that the defendants are in any way estopped from insisting that the suit was not brought in time by any agreement had between the various claimants and the defendant corporation, other than the agreement implied by the payment and the acceptance of $10 on each claim.

The question is whether or not the payment by the defendant corporation to the three lien claimants of a part of the amount due each on his lien is a credit within the meaning of the statute above quoted. Were it not for the fact that the article "a" precedes the word "credit" in the statute where the latter word is first used, there would be nothing on which to base such an interpretation of the law. The expression "a credit", standing alone, might be construed to mean an acknowledgment or entry of payment. However, the word "credit" is next used without the article "a", clearly in its meaning of a period allowed for deferring payment. If used as denoting a payment or the entry of a bookkeeping credit, then the use of the term "after the expiration of such credit" in connection therewith would be meaningless. If we were to construe the word "credit" as meaning a payment, the phrase under discussion would then read, substituting the word "payment" for "credit", as follows: "or if a *payment* be given, then six months after the expiration of such *payment*". Since a payment is not generally referred to as being given, we should further be obliged to substitute the word "made" for "given". Then for the word "expiration" it would be necessary to substitute either "date" or "making", so that the phrase would then speak of "the date of such pay-

ment'' or ''the making of such payment''. If, however, we are to make the changes above suggested and substitute the word ''payment'' for the word ''credit'', then the last sentence of the above quoted section of the code would, without any change made therein, be completely without meaning; equally so, if we were to substitute the word ''payment'' for the word ''credit'' appearing in that sentence without making further changes or substitutions.

The word ''credit'' as used in the statute, therefore, must be understood as referring to a period of grace, so to speak, an extension of time granted to the debtor within which to pay ''A credit'', an acknowledgment of indebtedness reduced, is a finality, having neither duration nor expiration. Hence it is clear that in speaking of the ''expiration'' of credit given, the statute must refer not to the instance of any payment made on the indebtedness, but to the expiration of an additional period of grace, or credit extension, accorded the debtor. We therefore hold that a payment on the claim of a lienor does not, within the meaning of § 51-107, extend the time within which to institute foreclosure proceedings.

The foregoing conclusion is in accord with the decision of this court in the cases of *Allen v. Roufs,* 146 Or. 451 (30 P. (2d) 766), and *Capital Lumber Co. v. Ryan,* 34 Or. 73 (54 P. 1093). See also, in this connection, *Boise Payette Lumber Co. v. Weaver,* 40 Idaho 516 (234 P. 150).

■ The defendants did not either by demurrer or answer raise the point that the suit had not been brought within six months of the date of the filing of the liens, but they did on the trial strenuously contend that the liens created by the filing of the three notices of claim of lien had expired before this suit was in-

stituted. The plaintiff, both in the circuit court and this court, insisted that the section of the code hereinbefore quoted is a statute of limitation and that therefore the defendants waived the benefit thereof by raising the question for the first time during the introduction of testimony in the circuit court.

Relative to the foreclosure of mechanic's liens, we find in 5 Bancroft's Code Practice and Remedies [1928], p. 4845, § 3629, this observation:

"The time within which the action must be brought is prescribed by statute. A common provision is substantially to the effect that no lien binds any improvement for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same; or if a credit be given, then ninety days after the expiration of the credit. While the contrary is held in California, it is the rule in most jurisdictions that this provision, as well as some others in somewhat different language, is not a statute of limitations, which is waived if not pleaded, but a statute limiting the duration of the lien. The remedy forms a part of the right and must be pursued within the time prescribed, or else both are lost. If an action is not brought within the time limited, the court is without jurisdiction to decree a foreclosure, though it is not deprived of power to render a valid personal judgment. * * *"

A distinction between pure statutes of limitation and those similar to the one here under consideration is clearly pointed out by the supreme court of the state of Washington in *Peterson v. Dillon*, 27 Wash. 78 (67 P. 397). In that case objection that the action was not commenced within the time limited was made by the defendant for the first time in the supreme court. After announcing that in ordinary cases growing out of contracts or tort one desiring the benefit of the statute of limitations must urge it in some way either

by demurrer or answer in the trial court, the opinion states:

"The reason for this rule is that, as the cause of action depends upon a liability growing out of the acts of the parties sued, such party may waive the statutory time in which such actions are brought, if he sees fit so to do, as the cause of the action does not depend upon the statute. The mechanic's lien is altogether a creation of the statute, and is circumscribed by the terms of its own creation. It exists independently of any special contract. Where a contract is entered into by the parties, it is not the contract which creates the lien under the statute, but it is the use of the material furnished upon the premises, the putting of it into the building and attaching it to the freehold, which entitled the party furnishing the same to a lien upon the premises to the extent of its value. The statute does not give the mechanic a right to his debt, but furnishes a remedy for its collection. 15 Am. & Eng. Enc. Law, p. 5."

After explaining that had the defendant pleaded that the action had not been brought within the statutory time after the filing of the lien, it would have been necessary to sustain her plea, the same opinion continues as follows:

"But we think one seeking the benefit of the lien as its creation and duration are fixed by law must affirmatively show that at the time his action is brought the property sought to be charged is subject to the lien, and that the court has jurisdiction of the subject-matter, and, if this does not appear, no cause of action to foreclose the lien exists. This must be so, for in an ordinary action the cause of action exists independent of any statute, and it is personal in its nature. Hence the rights given to interpose the plea of the statute of limitations may be waived by the person affected by such action. But the lien given on a specific piece of property for work done thereon, and the right to foreclose the same does not exist independent of the stat-

ute. The statute creates and limits the duration of the lien. When the limit fixed by the statute for the duration of the lien is passed, no lien exists, any more than if it had never been created. The statute gives jurisdiction to the court to foreclose a lien on certain conditions,—the filing of a lien notice, and the commencement of the action within eight months after such notice is filed. If these things are not done, no jurisdiction exists in the court to foreclose the lien. In ordinary actions the jurisdiction exists to entertain same, and render judgment thereon, and in case of default the court can pronounce such judgment as the facts warrant, as the court's jurisdiction does not depend upon the time in which the action is brought. In suits to foreclose mechanics' liens the jurisdiction does depend upon the time in which the action is brought."

The decision of the Washington court in that instance has been adhered to in the following cases: *Davis v. Bartz,* 65 Wash. 395 (118 P. 334) ; *City Sash & Door Company v. Bunn,* 90 Wash. 669 (156 P. 854, Ann. Cas. 1918B, 31) ; and *Culp v. McMehan,* 123 Wash. 499 (212 P. 1069). See, also, for a like enunciation of the rule of law stated in the opinion above quoted, *Continental & Commercial Trust & Savings Bank v. Pacific Coast Pipe Co.,* 222 Fed. 781; *Fairbanks-Morse & Co. v. Alaska Palladium Co.,* 32 Fed. (2d) 233 (these two decisions reported from the Circuit Court of Appeals, Ninth Circuit, and construing similar statutes of Idaho and Alaska, respectively) ; *Goodwin v. Cunningham,* 54 Neb. 11 (74 N. W. 315) ; *Booker & Co., Inc., v. Leon H. Watson, Inc.,* 96 Fla. 671 (123 So. 837) ; *North Side Sash & Door Co. v. Hecht,* 295 Ill. 515 (129 N. E. 273) ; *Western Loan & Building Co. v. Gem State Lumber Co.,* 32 Idaho 499 (185 P. 554) ; *Wood v. Dill,* 3 Kan. App. 484 (43 P. 822) ; and *The Harrisburg,* 119 U. S. 199 (7 S. Ct. 140, 30 L. Ed. 358).

Plaintiff, in support of his contention that the limitation in the above statute is waived unless invoked by demurrer or answer, relies chiefly upon a number of California decisions. The California statute is very much like our § 51-107. In *Hughes Bros. v. Hoover*, 3 Cal. App. 145 (84 P. 681), the court points out the fact that the right to a mechanic's lien is granted by the constitution of that state and that "the legislative functions being to provide a system through which such right might be executed and carried into effect; and the language in § 1190 which declares that the lien ceases to exist, may be ignored, as the same exceeds legislative power". The court then proceeds to state that the only force which can be given to § 1190 is by interpreting it "as a statute of limitation which provides the time within which an action may be brought for the enforcement of a right".

*American Radiator Co. v. Connor Plumbing & Heating Co.*, 277 Mo. 548 (211 S. W. 56), is another case relied upon by plaintiff on this appeal. The opinion there does not discuss this subject at any length and is based upon Bloom's Mechanics' Liens, § 649, a California appellate court case and an earlier Missouri decision. The statement in the textbook which is referred to cites as its only authority the California appellate court decision mentioned in the above case. The earlier Missouri case mentioned has no reference to a mechanic's lien.

Plaintiff's brief also cites *Barstow v. McLachlan*, 99 Ill. 641, and *Welch v. McGrath*, 59 Iowa, 519 (10 N. W. 810, 13 N. W. 638). These cases are not in point here, as the Illinois decision is based upon a statute entirely different from the one here being interpreted, and the Iowa decision merely concludes that the defendant may

waive the statute of limitation by failing to invoke. it at the proper time.

In addition to the foregoing cases, respondent's brief refers to *Garrison v. Hawkins Lumber Co.*, 111 Ala. 308 (20 So. 427), which holds, without any discussion of the subject matter, that the statute there in review is one of limitation and is waived if not specifically pleaded.

The foregoing cases relied upon by plaintiff are contrary to the great weight of authority on this subject and should not be followed in the construction of our own statute.

It is the opinion of this court that the defendants herein did not waive the benefit of § 51-107. Oregon Code 1930, by failure to raise, either by demurrer or answer, the question that the suit had not been commenced within the time prescribed by law.

The decree appealed from is reversed and one here entered in favor of the appealing defendants, without prejudice to plaintiff's right to bring an action at law for whatever sum of money may be due him on his own and assigned claims. Neither party will recover costs in this court.

RAND, C. J., and BEAN and CAMPBELL, JJ., concur.