Submitted on record and appellant's brief April 14,
reversed June 28, 1967

TIMBER TRACTOR CO., *Respondent, v.* GRAVEL
CORP. OF REEDSPORT ET AL, *Defendants,*
BALSIGER, *Appellant.*
429 P. 2d 564

Larry O. Gildea, Eugene, filed a brief for appellant.

No appearance for respondent.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

## PER CURIAM

This was a proceeding to secure a judgment for the reasonable value of repairs to a caterpillar tractor and for foreclosure of a non-possessory lien upon the tractor for the amount of the judgment. The lien was filed naming the Gravel Corp. of Reedsport as the owner or reputed owner. The Gravel Corp. made no appearance nor did any other defendant, except the defendant Balsiger who held the legal title to the tractor. Balsiger had leased the tractor to one Wolf, also a defendant, under a lease option agreement. Wolf had authority under the agreement to have the tractor repaired. Wolf ordered the repairs in question. Balsiger has appealed from a decree of foreclosure of the lien.

The principal issue is whether the evidence discloses an interest in Gravel Corp., against whom the lien was filed, sufficient to sustain the lien. ORS 87.090 requires: "In order to make the lien * * * effectual the lien claimant shall, * * * file a lien notice * * *. The notice shall state * * * the name of the owner or reputed owner, * * *." Balsiger contends there is no properly-admitted evidence disclosing that Gravel Corp. was the owner or reputed owner and therefore the lien was ineffectual. An interest sufficient to sustain a lien may exist in persons other than the actual owner. Anyone who has lawful possession of a chattel is deemed the owner for lien purposes. ORS 87.100.

■ The testimony of Wolf's relation to Gravel Corp. is replete with hearsay which was erroneously admitted over objection. It is the opinion of the court that there is no evidence, other than hearsay to which there was a proper objection, of any ownership or possession on the part of Gravel Corp. sufficient to support the filing of a lien naming it as the owner or reputed owner of the tractor. The lien did not include the name of the owner or reputed owner as required by statute and was therefore of no validity.

The decree of the trial court foreclosing the lien as to the interest of Balsiger is reversed.