Argued June 6, affirmed as modified October 15, 1969

# LEW WILLIAMS CADILLAC, INC., *Respondent, v.* GOLDMAN ET AL, *Appellants,* EVERIST BROS., INC., *Defendant-Respondent.*

459 P2d 882

*Leo Levenson,* Portland, argued the cause for appellants. With him on the brief was Robert Lohman, West Linn.

*William E. Tassock,* Portland, argued the cause for respondent Lew Williams Cadillac, Inc. With him on the brief was Robert A. Leedy, Portland.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is a suit for the foreclosure of two non-possessory liens upon a motor vehicle and for personal judgment against defendants Mason, Goldman, and Lager Construction Co., Inc. (Lager). One of the liens was sought to be foreclosed by the plaintiff,

Lew Williams Cadillac, Inc. (Williams), and the other by cross-complainant Everist Bros., Inc. (Everist). The trial court granted relief in accordance with Williams' and Everist's prayers. Only Goldman and Lager appealed. No transcript of testimony was filed, and therefore, the case is before this court for determination upon the pleadings.

■ Defendants first contend that Williams' complaint is inadequate to justify foreclosure of its lien, which is set forth in the complaint, because the pleadings refute and contradict the notice of lien. Defendants argue that Williams' lien notice states that Lager is the owner or reputed owner and contracted for the work while the complaint alleges that Mason was the reputed owner and contracted for the work. Defendants rely upon the following language from *Graf v. Petry et al*, 118 Or 511, 513, 247 P 315 (1926):

> "In a suit to enforce a mechanic's lien, where the notice of lien recites one contract, and the complaint is based upon an entirely different contract, the variance is fatal: * * *."

We believe there is no necessary inconsistency. The complaint also alleges that Mason was the lawful possessor of the vehicle. It alleges in great detail the steps through which this possession came about, thus showing possession to be lawful and not inconsistent with the rights of Goldman and Lager. It alleges that Goldman was the lessee of the vehicle, that he delivered the vehicle's possession to Mason, and that in so doing he was acting as the "alter ego" of Lager.

ORS 87.100 provides that "* * * every other person who is in lawful possession of a chattel shall,

for the purposes of ORS 87.085 to 87.120, be deemed the owner thereof, or authorized agent of the owner. \* \* \*." Under this statute there is nothing inconsistent between the alleged reputed ownership of Mason and his contract for the work and the statement in the lien that Lager was the owner or reputed owner and contracted for the work. The statute provides that for the purposes of authorizing repairs which could result in a valid lien, there can be more than one owner who authorizes the repairs. Mason was an owner under the statute because he had lawful possession which was not inconsistent with the rights of Lager and he personally contracted for the work. Lager was an owner because it had an interest in the vehicle and it also contracted for the work through its statutory agent, Mason, who had lawful possession.

In *Graf v. Petry et al, supra,* the complaint alleged a contract for the reasonable value of services and materials, and the notice of lien stated that there was a contract for a specific price. It is obvious that the language previously quoted, when used in that context, has no application to the facts here.

■ It is not fatal to a foreclosure against Goldman that he is not named in the notice of lien. If the repairer of vehicles, at his peril, had to name everyone in a lien notice whose interest was subsequently sought to be foreclosed, liens would be of very little value. We do not believe that this was the intention of the legislature. We believe it was the intention of the legislature that a lien be sufficient as against the interests of all actual owners if it names as the owner or reputed owner authorizing the work one who authorized the work and who either had an actual interest in the vehicle or had its lawful possession which

was not inconsistent with the rights of the owners.[①] The present situation is different from that in *Timber Tractor Co. v. Gravel Corp.*, 247 Or 345, 429 P2d 564 (1967), where the lien was held to be invalid because there was no proof that the only person named in the lien as owner or reputed owner had any interest in or possession of the chattel. In that case we held the lien notice invalid because it did not include the name of *anyone* who the proof showed could be an owner or reputed owner under the statute and therefore it did not comply with ORS 87.090.

Cross-complainant Everist's complaint is substantially identical to plaintiff's with regard to the present question, except its lien notice and complaint both named Mason as the owner or reputed owner. Therefore, there was no inconsistency, even under defendants' contention.

It is our conclusion that both complaints were sufficient to justify foreclosure of the respective liens.

■ Defendants next contend that Williams' complaint does not contain sufficient allegations to justify a personal judgment against them. They urge that a personal judgment cannot be rendered unless there is a contractual relation between the lienor and the defendants. With this proposition of law we agree. See *Schram v. Manary*, 123 Or 354, 369, 260 P 214, 262 P 263 (1927). *Schram* was a foreclosure under the statutes relating to liens of mechanics and materialmen on real property. However, this distinction

---

① ORS 87.085. "Every person who has expended labor, skill or materials, including automobile tires, upon any chattel, or has furnished storage for said chattel, at the request of the owner, reputed owner, authorized agent of the owner or lawful possessor thereof, shall have a lien upon the chattel * * *."

is not relevant to its use as authority in the present case.

■ We believe that Williams' complaint sufficiently alleges a contractual relationship between Williams and defendants. It alleges that Mason contracted for the repairs and that "* * * said defendant, Mason, was authorized, in performance of his duties to Louie L. Goldman * * * to contract for the hereinabove described services and repairs." The complaint also alleges "That defendant, Louie L. Goldman, was and now is an alter ego of Lager Construction Co., Inc., * * *." These allegations are sufficient to allege that Mason, as the agent of Goldman and Lager, contracted for the work. The complaint, therefore, contains sufficient allegations upon which to base a personal judgment against Goldman and Lager.

■ Everist's cross-complaint is substantially the same, except it does not allege that Goldman was acting as the "alter ego" of Lager. Therefore, there is no basis for a finding that Mason, when he contracted for the work, was the agent of Lager, and no personal judgment can be returned in favor of Everist and against Lager. There is an allegation that Mason told Everist that Lager was the owner and authorized the repairs. This may be evidence admissible to prove agency under certain circumstances, but it is not an allegation of the fact of agency.

The decree of the trial court is affirmed with the modification that there shall be no personal judgment in favor of Everist against Lager.